THE GERMAN INSURANCE COMPANY

*v.*

ELIZABETH WARD.

INSURANCE—*waiver of proof of loss at home office.* If a policy of insurance requires notice and proof of a loss to be delivered to the secretary of the company at the home office, and it is given to a local agent of the company without objections on this score, and payment refused upon a claim that the policy had been canceled, the provision in the policy as to the place of giving the notice and proof will be regarded as waived, and can not be set up to defeat a recovery on the policy.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. LAWRENCE PROUDFOOT, Mr. J. M. BAILEY, and Mr. JAMES I. NEFF, for the appellant.

Messrs. SLEEPER & WHITON, for the appellee.

Per CURIAM: This case is, in the main, like *The Lycoming Fire Insurance Company* v. *Elizabeth Ward, ante,* p. 545, and will be governed by the decision in that case. In the *Lycoming case* it was admitted, on the trial, that all preliminary steps after the fire had been taken to enable the plaintiff to recover if the policy was binding on the company, while in this case, it is contended that notice and proof of loss were not delivered to the secretary of the company at the home office at Freeport, as required by the policy.

It appears that notice and proofs of loss were served upon defendant at the office of the company in Chicago. No objection was made at the time that the service was at the wrong office, but the agent of the company refused to receive proofs of the loss, on the ground alone that the policy had been canceled and was not in force. Under such circumstances we must hold that the company waived that provision of the policy requiring proof of loss to be delivered to the secretary at Freeport, Illinois.

When proofs of loss were served upon defendant at its office in Chicago, if the company intended to insist upon a strict compliance with the terms of the policy in that regard, the objection should then have been made so that plaintiff could then have obviated the difficulty by leaving the proofs at the home office. The objection not, however, having been made, it must be regarded as waived.

Some other technical questions have been raised, but as they do not affect the substantial merits of the controversy, it will not be necessary to consider them here.

For the reasons given in the *Lycoming case,* the judgment will be affirmed.

*Judgment affirmed.*