ALEXANDER J. PORTER, Respondent, v. THE TRADERS' INSURANCE COMPANY OF CHICAGO, ILLINOIS, Appellant.

1. FIRE INSURANCE — INSURED'S REFUSAL TO ANSWER QUESTION —. MATERIALITY OF QUESTION A MIXED QUESTION OF LAW AND FACT. The materiality, upon the question of the actual cash value of an insured steamer at the time of its destruction by fire, of the inquiry, made of insured pursuant to a provision of the policy requiring them to submit to an examination under oath, as to the amount they paid for it, is a question of fact or a mixed question of fact and law, when the refusal to answer the inquiry is relied upon as a defense to an action on the policy, where they purchased the steamer from a third person who purchased it, with other property, at a receiver's sale, and they expended $3,500 upon it after they became the owners.

2. MISTAKE AS TO MATERIALITY. The provision of an insurance policy that the insured shall submit to examination under oath, does not bind them to answer every question propounded, however irrelevant; and if, acting in good faith, they make a mistake in deciding that an inquiry in respect to the price paid for insured property is not, under the circumstances, material on the question as to its cash value at the time of the fire and refuse to answer it, it is not ground for visiting them with a forfeiture of the benefits under the policy.

3. CONSTRUCTION OF PROVISION REQUIRING INSURED TO SUBMIT TO EXAMINATION UNDER OATH. A provision of an insurance policy, the object of which is to prescribe the manner in which an accrued loss is to

be adjusted and ascertained, that the insured shall submit to examination under oath, is not to be subjected to any narrow or technical construction, but is to be construed liberally in favor of the insured.

*Porter* v. *Traders' Ins. Co.*, 33 App. Div. 628, affirmed.

(Submitted October 11, 1900; decided November 20, 1900.)

APPEAL from a judgment of the Supreme Court, entered October 3, 1898, upon an order of the Appellate Division in the fourth judicial department, overruling defendant's exceptions, ordered to be heard in the first instance by the Appellate Division, denying a motion for a new trial, and directing judgment for plaintiff upon a verdict directed by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*H. C. Day* for appellant. The policy constitutes the contract between the parties, and all the terms and agreements therein contained must be enforced. (*Hicks* v. *B. & A. Assur. Co.*, 162 N. Y. 284; *Gross* v. *S. P. F. & M. Ins. Co.*, 22 Fed. Rep. 74; *Dwight* v. *G. L. Ins. Co.*, 103 N. Y. 341; *Hill* v. *Blake*, 97 N. Y. 216; *Æ. Ins. Co.* v. *People's Bank*, 62 Fed. Rep. 222.) The question asked on the preliminary examination of both Sloan and Cowles, " What did you pay for the *William Harrison ?* " was material, relevant and proper, and their refusal to answer constituted a bar to the recovery in this case. (*Claflin* v. *C. Ins. Co.*, 110 U. S. 81; *Gross* v. *S. P. F. & M. Co.*, 22 Fed. Rep. 74; *Wells* v. *Kelsey*, 37 N. Y. 143; *Hoffman* v. *Connor*, 76 N. Y. 121; *Guiterman* v. *L., N. Y. & P. S. Co.*, 83 N. Y. 358; *Parmenter* v. *Fitzpatrick*, 135 N. Y. 190; *Hawver* v. *Bell*, 141 N. Y. 140; *Matter of Johnson*, 144 N. Y. 563.)

*John M. Hull* for respondent. The defense is purely technical. It is not alleged in the answer, nor was it shown upon the trial, how the questions as to the price paid for the boat were material, or that the defendant was prejudiced or injured in the slightest degree by the refusal to answer. The defend-

ant has no defense upon the merits. (*Solomon* v. *C. F. Ins. Co.*, 160 N. Y. 595; *McNally* v. *P. Ins. Co.*, 137 N. Y. 389; *Paltrovitch* v. *P. Ins. Co.*, 143 N. Y. 73; *Sergent* v. *L. & L. & G. Ins. Co.*, 155 N. Y. 349; *Matthews* v. *A. C. Ins. Co.*, 154 N. Y. 449; *Darrow* v. *F. F. Society*, 116 N. Y. 537, 544; *Hitchcock* v. *N. W. Ins. Co.*, 26 N. Y. 69; *Griffey* v. *N. Y. C. Ins. Co.*, 100 N. Y. 417; *Schmieder* v. *Kingsley*, 55 N. Y. S. R. 689; *Titus* v. *G. F. Ins. Co.*, 81 N. Y. 410.)

O'Brien, J. This was an action on a policy of fire insurance issued by the defendant on the 7th day of August, 1896, to the firm of Sloan & Cowles, then owners of the steamer *William Harrison*, whereby it insured that vessel against loss or damage by fire in the sum of $2,500. It was totally destroyed by fire on the seventh day of October following, and subsequently the interest of the insured in the policy was assigned to the plaintiff. At the trial both parties moved for the direction of a verdict, and the court made a direction for the plaintiff for the amount claimed, and ordered the defendant's exceptions to be heard in the first instance at the Appellate Division. That court overruled the exceptions, denied a motion for a new trial and ordered judgment for the plaintiff on the verdict. The only question of law presented arises upon the following provisions contained in the policy: "The insured, as often as required, shall exhibit to any person designated by this company all that remains of any property herein described, and submit to examination under oath, by any person named by this company, and subscribe the 'same; and, as often as required, shall produce for examination all books of account, bills, invoices and other vouchers or certified copies thereof if originals be lost, at such reasonable place as may be designated by this company or its representatives, and shall permit extracts and copies thereof to be made. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the

fire. This policy is made and accepted subject to the fore-going stipulations and conditions." The defendant caused written notice to be served on Sloan & Cowles on the 17th of December, 1896, to appear for examination before a person named in the notice on that day.at ten o'clock in the forenoon at a place designated. Both parties appeared in compliance with the notice and were sworn and examined by counsel who appeared for the defendant. It is admitted that they complied in all respects with the provision of the policy referred to, except in one particular. They refused to answer the following question propounded to each of them in the course of the examination : " How much was paid for the steamer ? " The failure to answer this question is interposed as a defense by the answer, and is the only defense insisted upon here.

The burden was upon the defendant to show that the insured violated the conditions of the policy in some substantial and material particular. It was stipulated in the policy that the defendant should not be liable beyond the actual cash value of the property at the time of the loss, and that such loss should be ascertained according to such actual cash value, and in no event should it exceed the then cost of replacing the same. The steamer was about thirty years old, but had been repeatedly repaired and practically rebuilt, including the engine, boiler and machinery. The plaintiff purchased the boat sometime prior to 1896 at a receiver's sale with other property and sold her to the insured in May, 1896, taking back a mortgage to which the insurance was collateral.

The question is whether upon an inquiry with respect to the actual cash value of the steamer at the time of the trial, the price paid by the insured before the insurance was effected, under the circumstances stated, was as matter of law, a material inquiry under any and all circumstances. In an inquiry concerning the value of personal property at a given time the price paid by the owner is sometimes, but not always, material. It depends on the nature of the property and its condition when purchased compared with its condition afterwards. There are certain articles that have a standard price in the

market, not subject to much fluctuation, and other things that have no market value at all. In this case it is undisputed that the insured expended $3,500 on the vessel after they became the owners or procured the insurance. I do not think that it can be held as matter of law that the price paid for the steamer in question, under the circumstances, and before the extensive repairs were made, was a material fact bearing on the actual cash value at the time of the fire. The most that can be said about such a contention is that such an inquiry may be material according to the facts and circumstances of the case. (*Gray* v. *Central R. R. Co. of N. J.*, 157 N. Y. 483.) It follows that the question whether the inquiry made at the examination, and which the insured declined to answer, was material or otherwise, was not a pure question of law, but one of fact, since its importance must always vary with circumstances, and being a question of fact, or a mixed question of law and fact, the finding of the trial court in favor of the plaintiff cannot be disturbed in this court. Both sides requested the direction of a verdict, and, therefore, all questions in the case were submitted to the trial judge for decision.

The defendant offered no evidence at the trial as to the value of the steamer at the time of the fire, or as to the price paid for her by the insured, but rested the defense entirely upon the refusal to answer the question. If the same question had been propounded to the same person at the trial, and the answer excluded by the court, the ruling would not require a reversal of the judgment, since the inquiry was not so material nor the ruling of such a character as to constitute legal error; and it could not have been more material on the extra judicial examination than it would have been at the trial. On an issue concerning the value, at a given time, of personal property, such as a steamboat that had been long in use, the price paid at some remote period of time, under exceptional circumstances, and when it appears that it was subsequently repaired and changed, is not, as matter of law, necessarily admissible. The court might, in most cases, admit or exclude such proof without committing any legal error. The party

has no absolute right in all cases to such proof, and the extent to which he may go in this direction is in most cases subject to the discretion of the trial judge.

But the question may also be considered in a broader aspect. The issue presented by the defendant's answer in this respect was that there was, on the part of the insured, a breach of the contract which was a conclusive legal obstacle to a recovery. It is a fundamental principle in the law of contracts that a breach which will defeat a recovery cannot be based upon technical or unimportant omissions or defects in the performance by either party. When a substantial performance is shown the party claiming the benefit of the contract should not be defeated for the want of a literal compliance as to some unimportant detail, and whether omissions or departures from the strict letter are substantial or merely unimportant mistakes is generally a question of fact. (*Miller* v. *Benjamin*, 142 N. Y. 613.) The provision of the contract as to which a breach is alleged is the agreement of the insured to "submit to examinations under oath by the person named by this company." They did submit to examination. It cannot be claimed that they were bound to answer every question propounded, however irrelevant. They were bound to answer only such as were material, having in view the purpose of the condition. They had no guide as to what was or was not material, except their own judgment, acting of course in good faith. Even if they made a mistake in deciding that the inquiry with respect to the cost of the steamer was not material, it is no ground for visiting them with a forfeiture of all the benefits of the contract, and the principle above suggested should apply.

Finally, it should be noted that the condition alleged to have been violated in this case applied only after the capital fact of a loss. The object of the provision was to prescribe the manner in which an accrued loss was to be adjusted and ascertained. The liability of the defendant having become fixed by the happening of the event, upon which the contract was to mature, conditions which prescribe methods and formalities for ascertaining the extent of it or for adjusting it,

are not to be subjected to any narrow or technical construction, but construed liberally in favor of the insured. (*Solomon* v. *Cont. F. Ins. Co.*, 160 N. Y. 595 ; *McNally* v. *Phœnix Ins. Co.*, 137 N. Y. 389 ; *Paltrovitch* v. *Phœnix Ins. Co.*, 143 N. Y. 73 ; *Sergent* v. *L. & L. & G. Ins. Co.*, 155 N. Y. 349 ; *Matthews* v. *A. C. Ins. Co.*, 154 N. Y. 449.)

The judgment should be affirmed, with costs.

PARKER, Ch. J., BARTLETT, HAIGHT, MARTIN, VANN and LANDON, JJ., concur.

Judgment affirmed.