Edward Heirty, Appellee, v. North River Insurance Company, Appellant.

Gen. No. 46,241.

Opinion filed November 3, 1954. Released for publication December 9, 1954.

SAMUEL LEVIN, of Chicago, for appellants; JOHN D. POPE, of Chicago, of counsel.

JOHN T. MCGRATH, and RAYMOND C. STOECKER, both of Chicago, for appellee.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff recovered a judgment against defendant in this action upon a fire insurance policy issued by defendant to plaintiff. The trial was without a jury, and defendant appeals.

The evidence discloses that plaintiff was the owner of a tavern covered by the policy; that while he was in the military service his wife managed the tavern for him; and that when he returned from service his wife continued in her management. On the day in question smoke, originating from a fire next door, filled the tavern, and it became necessary for the fire department to break the front plate glass window to gain entrance, and permit the escape of the smoke. The claim made by plaintiff was damage to the decorating of the tavern, the fixtures, and to the stock of liquor.

It further appears from the evidence that the fire occurred on the night of September 18, 1949; that the agent, who procured the policy of insurance for plaintiff, notified defendant company of the fire, procured forms of proof of loss and submitted them to plaintiff to fill in and sign; and that two or three days later he delivered the signed proofs of loss to the defendant. On September 22, 1949, an insurance adjuster for the defendant visited the premises in question, made a complete examination of the damage and talked with plaintiff's wife regarding the damage.

The record fails to disclose the reason for the absence in evidence of the forms of proof of loss filled in and said to have been delivered to the defendant company. There was testimony by the painting contractor detailing the nature and extent of the damage caused by the smoke. He had rendered a bill for $385, the cost of repairs, and during his cross-examination by defendant's counsel was confronted with a copy of the invoice rendered by the contractor for the repair of such damage. The possession by defendant's counsel of the copy of the invoice amply supports the reasonable inference that such a bill had been submitted to defendant's representative, as claimed by plaintiff.

The principal error assigned by defendant is that the evidence fails to prove delivery to defendant of

proofs of loss, as required by the policy. That the company had notice of the fire and damage is undisputed. That they received some form of proof of loss by plaintiff, which is not identified in the record, is reasonably inferable from the evidence, and that defendant had a copy of the statement of cost of repairing the damage is also clear from the evidence.

Defendant, during the negotiations with plaintiff, remained silent and failed to object to the claimed absence of proof of loss in the form required by the company. It cannot now be heard to say that plaintiff failed to perform the requirement of the policy with respect to furnishing proof of loss within the time limited by the policy. *Feder v. Midland Casualty Co.,* 316 Ill. 552, relied upon by defendant in support of its position, where no proof of loss in any form was made, is not applicable and was distinguished in *Weininger v. Metropolitan Fire Ins. Co.,* 359 Ill. 584. It was there said:

"The defendants urge that strict compliance is necessary, while the complainants contend that substantial compliance is sufficient. In the decision of this question it is proper to consider the fact that none of the defendants made any objection to the form or sufficiency of the proofs of loss until after the present proceeding was instituted. By the weight of authority, if the insured attempted to comply with the requirements of the policies as to notice and proof of loss, the receipt and retention of the notice and proof without objection constitute a waiver of the insurers' right later to object thereto as not satisfying the requirements of the policies. (*Continental Life Ins. Co. v. Rogers,* 119 Ill. 474; *Phoenix Ins. Co. v. Tucker,* 92 Ill. 64; *German Ins. Co. v. Ward,* 90 Ill. 550; *Pearce Manf. Co. v. Lebanon Mutual Ins. Co.* 216 Pa. St. 265; 33 Corpus Juris, 27 sec. 686.) If the proof of loss furnished is not satisfactory the insured is entitled to be

429

advised, and the company is bound to inform him of any want of compliance in the proofs of loss furnished, in order that an opportunity may be given the insured to cure the objection."

We think there is no merit in defendant's further contention that since the complaint alleges compliance with the terms of the policy, plaintiff cannot recover upon the theory of waiver of such terms by the defendant. We think the evidence establishes substantial compliance by plaintiff with the terms of the policy, and that defendant under the circumstances is deemed to have waived strict compliance.

Defendant's further contention that the items of damage to the decorating cannot be recovered by plaintiff, since they are a part of the realty not owned by plaintiff, is without merit. The policy covered damage to "improvements and betterments," as well as for damage to stock and fixtures, and is broad enough to include the decorating furnished by plaintiff before the smoke damage.

Defendant also contends that the trial court abused its discretion in refusing to allow a proffered additional defense ten days after judgment for plaintiff had been entered. The additional defense had reference to a clause in the policy with respect to contribution, under which, it is argued, plaintiff would only be entitled to recover, if at all, the sum of $376.77 instead of $477.50, the amount of the judgment. There was no such showing by defendant excusing its failure to present such additional defense either before the trial or at the trial, as would establish abuse of discretion in the trial court.

We find no merit in other questions raised by defendant upon this appeal. We think substantial justice has been done, and the judgment is accordingly affirmed.

*Affirmed.*

KILEY, P. J. and LEWE, J., concur.