CHARLES F. PIRO *et al.*, Plaintiffs-Appellants, v. PEKIN INSURANCE COMPANY, Defendant-Appellee.

Fifth District No. 5—86—0352

Opinion filed October 21, 1987.

Robert S. Forbes, of Alton, for appellants.

William S. Daniel and Richard J. Mehan, Jr., both of Daniel & Mehan, P.C., of Belleville, for appellee.

JUSTICE WELCH delivered the opinion of the court:

Plaintiffs Charles F. Piro and Piro TV, Heating and Air Conditioning, Inc., commenced this action to recover the proceeds of a fire insurance policy based on the destruction by fire of the business premises. The circuit court entered summary judgment against both plaintiffs, who appeal.

Fire destroyed the premises of the corporate plaintiff on October 19, 1982. Mr. Piro owned the corporation. The fire insurance policy for the premises entitled defendant (1) to examine and audit the insured's books and records "as far as they relate to the subject matter of this insurance," and (2) in the event of a loss, to examine the insured under oath and to examine "all books of account, bills, invoices and other vouchers, or certified copies thereof * * *, at such reasonable time and place as may be designated by the Company or its representative." In the three days following the fire, defendant's investigator inspected the premises and took Mr. Piro's statement which, when transcribed, spanned 85 pages. On defendant's request Mr. Piro completed and submitted a proof-of-loss form and signed a release-of-information form authorizing his bank to release copies of Mr. Piro's banking records to defendant. In February 1983, a certified public accountant employed by defendant inspected financial records at Mr. Piro's place of business. Later that month an attorney employed by defendant requested by letter that Mr. Piro appear for examination under oath and bring

> "any and all documents, papers or other materials whatsoever which you have to support this claim and which you have not previously given to the insurance company. That includes your personal tax returns for the last five years, bank records, credit records or any other evidence of your financial position at the time of this fire."

According to the transcript of the March 10, 1983, examination under oath, Mr. Piro did not produce his personal income tax returns or a copy of the contract concerning his sale of the business which occupied the destroyed premises to (and later repurchase from) a former employee. He also refused to answer questions regarding the location, value of and income from his rental property, his personal mortgages, and the concerns of another business he owned, asserting those mat-

ters were irrelevant to the claim. In a letter dated April 19, 1983, defendant's attorney wrote to plaintiff's attorney that the claim was still under "active investigation" and that "among the items" defendant needed for a "final determination" was the return of the transcript of the examination under oath with Mr. Piro's signature. In a letter to defendant's attorney dated May 6, 1983, accompanying the transcript, plaintiff's attorney wrote:

> "Since my client has now complied with all the requirements and conditions of his fire insurance policy and provided the insurance company with a proof of loss, a sworn statement and other miscellaneous information and since the loss occurred over six months ago I hereby make demand on you to pay all sums due my client for his fire loss."

After receiving the transcript and this letter, defendant notified Mr. Piro by letter dated May 17, 1983, that his claim was refused because (1) the policy was "void due to concealment, misrepresentation and fraud"; (2) the fire was incendiary in nature; and (3) the amount of the claimed loss grossly exceeded the actual loss. The letter concluded:

> "The Pekin Insurance Company hereby expressly reserves our rights to assert all other defenses that we may have to your claim even though not enumerated above, as they may become known to us, or as counsel may advise.
>
> If you intend to proceed with litigation, strict compliance with all policy provisions will be required. We do not waive or relinquish any of our rights or defenses under our policy of insurance."

Plaintiffs filed this action July 25, 1983, seeking the proceeds of the policy. On July 29 and August 24, 1983, Mr. Piro submitted to polygraph examinations with respect to the origin of the fire, and after each examination the examiner stated that in his opinion Mr. Piro answered truthfully that he did not set fire to the premises or know who did. Defendant moved for summary judgment on the basis that Mr. Piro's responses to questions in the examination under oath and his failure to produce requested documents at that examination constituted a breach of a condition precedent to recovery under the policy. In response plaintiffs filed documents which plaintiffs contend (and defendants do not now deny) included all of the requested information. The circuit court granted defendant's motion. Plaintiffs appeal.

Summary judgment should be rendered without delay if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c).) Plaintiffs do not argue the policy did not require them to divulge the requested information. Plaintiffs argue, *inter alia,* they provided the information "eventually," and this was sufficient to avoid summary judgment. Defendant argues plaintiffs supplied the documents and information requested too late to avoid judgment. We are of the opinion that the facts and defendant's cited authorities do not support the judgment; we reverse.

An insured's refusal to produce documents the insurer has a contractual right to examine has been held sufficient to support summary judgment for the insurer in the insured's action for the proceeds of a fire insurance policy. (See *Horton v. Allstate Insurance Co.* (1984), 125 Ill. App. 3d 1034, 467 N.E.2d 284.) However, in *Horton v. Allstate Insurance Co.,* urged for comparison by the instant defendant, the insured prosecuted his action to judgment without ever complying with the insurer's request for more detailed proof-of-loss statements and other documentation the insurer was entitled to request under the policy. In *Southern Guaranty Insurance Co. v. Dean* (Miss. 1965), 172 So. 2d 553, cited by defendant, the insured apparently prosecuted her action to judgment without ever permitting access to her tax information and the records and bank accounts pertinent to the financial condition of the business which occupied the destroyed premises. In *Kisting v. Westchester Fire Insurance Co.* (W.D. Wisc. 1968), 290 F. Supp. 141, *aff'd* (7th Cir. 1969), 416 F.2d 967, urged by defendant, the Federal district court granted the insurer's motion for summary judgment, but it does not appear the insured ever attempted to file the requested information and documents as did the instant plaintiffs. In *Halcome v. Cincinnati Insurance Co.* (11th Cir. 1985), 778 F.2d 606, urged by defendant, the insureds never varied from their refusal to furnish information regarding their financial condition which the insurer was entitled to request under the policy. In *Taylor v. Firemen's Fund Insurance Co.* (Miss. 1975), 306 So. 2d 638, the Mississippi circuit court's peremptory instruction in favor of the insurer was affirmed, but, as in *Kisting v. Westchester Fire Insurance Co.,* it does not appear the insured ever divulged the "material and important matters" the insurer inquired about.

In contrast to the authorities defendant relies on, defendant does not dispute plaintiffs' assertion that plaintiffs supplied the remainder of the requested information when defendant set forth its grounds for summary judgment. Also, the instant plaintiffs were generally cooperative. Plaintiffs promptly permitted inspection of the destroyed prem-

ises, gave statements, signed release-of-information forms, submitted proof-of-loss forms and permitted defendant's accountant access to plaintiffs' business files.

 The question whether plaintiffs' disclosures after defendant's motion for summary judgment came too late to comply with the disclosure provisions of the policy is not an appropriate question to decide on motion for summary judgment. Whether a party has committed a breach of contract is generally a question of fact. (*Leazzo v. Dunham* (1981), 95 Ill. App. 3d 847, 850, 420 N.E.2d 851, 854.) A breach which will defeat recovery cannot be based upon technical or unimportant omissions or defects in performance. (*Porter v. Traders' Insurance Co.* (1900), 164 N.Y. 504, 508-09, 58 N.E. 641, 642-43.) It has been held that the question whether the insured substantially complied with the provisions of the policy is one of fact (*Hoekstra v. Farm Bureau Mutual Insurance Co.* (Iowa 1986), 382 N.W.2d 100, 106; *Porter v. Traders' Insurance Co.* (1900), 164 N.Y. 504, 509, 58 N.E. 641, 643), and that the question whether information required by the policy was willfully and fraudulently withheld is a question of fact which should not be resolved summarily except in "the most extreme of cases" (*Happy Hank Auction Co. v. American Eagle Fire Insurance Co.* (1956), 1 N.Y.2d 534, 539, 136 N.E.2d 842, 844).

 █ Plaintiffs' attorney's letter of May 6, 1983, stating he believed his clients complied with the requirements and conditions of the policy implicitly reasserted the relevancy objections Mr. Piro asserted at the examination under oath; we find no contradiction of that position in any subsequent communication to plaintiffs prior to defendant's motion for summary judgment. Declaring forfeiture of the benefits of insurance bought and paid for based solely on events occurring subsequent to the event of the insured-against loss should be avoided. (See *Porter v. Traders' Insurance Co.* (1900), 164 N.Y. 504, 509, 58 N.E. 641, 643; *C-Suzanne Beauty Salon, Ltd. v. General Insurance Co. of America* (2d Cir. 1978), 574 F.2d 106, 110.) If the proofs furnished by the insured are not satisfactory, the insured is entitled to be advised, and the insurer is bound to inform him, of any want of compliance and give the insured the opportunity to cure the objection. *Heirty v. North River Insurance Co.* (1954), 3 Ill. App. 2d 426, 429-30, 122 N.E.2d 592, 593.

Instructive here is the procedure approved in *C-Suzanne Beauty Salon, Ltd. v. General Insurance Co. of America* (2d Cir. 1978), 574 F.2d 106. In that case the insurer moved for summary judgment on the basis of the insureds' alleged breach of the cooperation clause in a fire insurance policy, the insureds having failed to submit to examina-

tion under oath on the insurer's request. The pertinent provisions of the policy were similar to those in the instant policy. The Federal district court denied the motion for summary judgment but ordered the insureds to submit to examination under oath. The district court's order stated the denial of the motion was without prejudice to the insurer's right to renew the motion at a later date if the delay of the examination proved to have prejudiced the insurer's investigation of the facts. The insurer did renew its motion (the parties agreed the issue of prejudice could be resolved as a matter of law based on facts disclosed in affidavits and exhibits), but the district court denied summary judgment on the ground that the insurer showed no prejudice. The circuit court of appeals approved this procedure.

■■ We believe a similar procedure is at least as appropriate in this case, as plaintiffs' compliance need not be ordered because it has already occurred. We express no opinion as to whether the instant defendant can demonstrate on remand that it would be inequitable to permit plaintiffs to comply with the policy at such a late date. If defendant can demonstrate the existence of a question of fact as to whether it was prejudiced, the issue becomes one of substantial compliance and is for the jury. See *Hoekstra v. Farm Bureau Mutual Insurance Co.* (Iowa 1986), 382 N.W.2d 100; *Kenworthy v. Bituminous Casualty Corp.* (1975), 28 Ill. App. 3d 546, 548, 328 N.E.2d 588, 590 (generally, what is a reasonable time (here, to comply with defendant's request) is a question of fact for the jury).

For the reasons we have stated, the judgment is reversed and this cause is remanded to the circuit court of Madison County for further proceedings.

Reversed and remanded.

KARNS, P.J., and HARRISON, J., concur.