GLENN CROWELL, Plaintiff-Appellant, v. STATE FARM FIRE AND CA-SUALTY COMPANY, Defendant-Appellee.

Fifth District    No. 5—93—0052

Opinion filed March 25, 1994.

LEWIS, P.J., dissenting.

Bailey & Christenson, of Murphysboro, for appellant.

Charles E. Schmidt and Stephen W. Stone, both of Brandon, Schmidt & Palmer, of Carbondale, for appellee.

JUSTICE WELCH delivered the opinion of the court:

On November 6, 1991, plaintiff, Glenn Crowell, filed a complaint for declaratory judgment in the circuit court of Williamson County against defendant, State Farm Fire and Casualty Company, seeking a declaration that defendant was obligated to pay plaintiff under a contract of insurance covering the loss of plaintiff's house by fire. Plaintiff's house had been destroyed by fire on April 28, 1990.

Defendant filed an answer to the complaint raising the affirmative defense that plaintiff had breached the contract of insurance by intentionally setting the fire or causing the fire to be set, by intentionally concealing or misrepresenting material facts relating to the fire, by failing to complete an examination under oath, by failing to produce a member of his household, Paula Hunter, for an examination under oath, by failing to provide relevant information, and by providing false information.

On April 14, 1992, defendant filed a motion for summary judgment based on plaintiff's breach of the insurance contract due to his failure to cooperate in the investigation of the claim. This motion alleges that the contract of insurance requires that plaintiff provide defendant with records and documents which it requests, submit to examinations under oath and subscribe the same, and to the extent it is within plaintiff's power to do so, produce members of his household for examination under oath. The motion further alleges that plaintiff was asked to submit to an examination under oath and to produce Paula Hunter and certain documents, that on August 17, 1990, plaintiff did submit to an examination under oath but that he refused to answer certain questions concerning his financial status, and that he then abruptly left the examination. The motion further alleges that plaintiff has completely failed to produce any of the documents requested of him and that he has failed to produce Paula Hunter, although he lived with her at the time of the fire and married her four days after his examination under oath. Under the policy of insurance, compliance with the policy provisions is a prerequisite to the bringing of suit on the policy. The motion argues that plaintiff's failure to fully cooperate in the investigation is a material breach of the policy warranting a denial of plaintiff's claim.

On May 4, 1992, plaintiff filed a response to the motion for summary judgment in which he alleges that at his examination under oath he was not represented by counsel, that many questions which he refused to answer did not appear relevant or material, that at the

time of the examination under oath plaintiff knew that he was the target of a criminal arson investigation, but that the charges were subsequently dropped. In the response, plaintiff offers to submit to a deposition at which he will answer all material questions with the guidance of his attorney. Finally, the response alleges that material questions of disputed fact still exist, making summary judgment inappropriate.

The motion for summary judgment came on for hearing on December 21, 1992. Essentially, the parties agree that at his examination under oath, plaintiff did refuse to answer questions relating to his financial condition and dealings, that Paula Hunter did not appear for her examination under oath, although she lived with plaintiff at the time of the fire and married plaintiff just four days after his examination under oath, and that plaintiff refused to produce requested documents relating to his financial condition and dealings. At the hearing, defendant argued that plaintiff's offer to now cooperate in the investigation came too late in that plaintiff had already breached the contract, the claim had been denied, and the contractual relationship between the parties had been terminated. However, defendant presented no evidence or argument that it would be prejudiced in any way by allowing plaintiff's late offer to cooperate. Plaintiff argued that defendant's claim of plaintiff's noncooperation is merely a ruse to deny the claim because defendant could not prove what it truly believed, that is, that plaintiff burned his own house. Plaintiff pointed out that he was now represented by counsel and that he would now submit to a deposition.

On December 21, 1992, the court entered its order granting defendant's motion for summary judgment. The court found that there was no dispute as to any material fact, that plaintiff had breached the cooperation clause of the insurance policy, and that defendant was entitled to judgment as a matter of law.

Plaintiff's notice of appeal was filed January 20, 1993. On appeal, plaintiff argues that summary judgment was inappropriate for three reasons: (1) disputed material questions of fact exist as to whether plaintiff intentionally burned his house; (2) disputed material questions of fact exist as to whether plaintiff breached the cooperation clause of the insurance policy; and (3) summary judgment is improper in a declaratory judgment action, which is a statutory remedy with equitable characteristics. Because we reverse based on our decision in *Piro v. Pekin Insurance Co.* (1987), 162 Ill. App. 3d 225, 514 N.E.2d 1231, we need not specifically address plaintiff's arguments.

In *Piro*, the insured was also suspected of arson in the burning of his business premises. At his examination under oath, the insured

failed to produce certain requested documents relating to his financial dealings and refused to answer certain questions relating to his financial dealings. When the insurance company refused to pay his claim, the insured filed a declaratory judgment action. As in the instant case, the insurance company moved for summary judgment on the basis that the insured's refusal to answer certain questions and produce requested documents at his examination under oath constituted a breach of a condition precedent to recovery under the policy. In response, the insured filed documents which he contended contained all of the information requested by the insurer. Nevertheless, the trial court granted the insurer's motion for summary judgment. *Piro*, 162 Ill. App. 3d at 226-27, 514 N.E.2d at 1233.

On appeal, the insured conceded that the policy did require him to divulge the requested information, but he argued that the fact that he did so eventually was sufficient to avoid the summary judgment. The insurer argued that the insured had supplied the requested documents and information too late to avoid the summary judgment. This court reversed the summary judgment for the insurer. *Piro*, 162 Ill. App. 3d at 228, 514 N.E.2d at 1233.

We acknowledged that, in some circumstances, an insured's refusal to produce documents the insurer has a contractual right to examine has been held sufficient to support summary judgment for the insurer in the insured's action for the proceeds of a fire insurance policy. However, in those cases, the insured refused at all times to produce the requested information. In those cases, the insured never offered or attempted to produce the requested information. (*Piro*, 162 Ill. App. 3d at 228, 514 N.E.2d at 1233.) In *Piro*, the insured supplied the requested information when the insurer set forth its grounds for summary judgment. *Piro*, 162 Ill. App. 3d at 228, 514 N.E.2d at 1233-34.

We held in *Piro* that the question whether plaintiff's disclosures after defendant's motion for summary judgment came too late to comply with the disclosure provision of the policy, that is, whether the insurer was prejudiced by the delay, is a question of fact which is not appropriate for summary judgment. We pointed out that declaring forfeiture of the benefits of insurance bought and paid for based solely on events occurring subsequent to the event of the insured-against loss should be avoided and that the insured should be given the opportunity to cure any alleged noncompliance. (*Piro*, 162 Ill. App. 3d at 229, 514 N.E.2d at 1234.) In *Piro*, we reversed the summary judgment in favor of the insurer and remanded the cause to the trial court, pointing out that if, upon remand, the insurer demonstrated the existence of a question of fact as to whether it was

prejudiced, the issue became one of substantial compliance and was for the jury. *Piro*, 162 Ill. App. 3d at 230, 514 N.E.2d at 1234-35.

Similarly, in the case at bar, immediately upon learning of defendant's grounds for summary judgment, plaintiff offered to submit to a sworn deposition and answer any and all relevant questions. Furthermore, it is clear to us, after reading a transcript of plaintiff's examination under oath, that plaintiff did not understand the relevancy of defendant's questions into his financial background, condition, and dealings and was offended by the nature of these personal questions. While the relevancy of these questions in an arson investigation may be apparent to an attorney, plaintiff was unrepresented by counsel at his examination under oath. As plaintiff points out in his response to defendant's motion for summary judgment, the circumstances surrounding plaintiff's examination under oath were extenuating—plaintiff knew that he was being investigated for the crime of arson, he was unrepresented by counsel, and he did not understand the relevancy of the personal questions asked of him by defendant's counsel. However, plaintiff's conduct does not demonstrate the type of consistent, obstinate, and permanent refusal to cooperate present in those cases in which summary judgment was allowed based on breach of the cooperation clause of the policy. Plaintiff should have been given the opportunity by the trial court to cure his noncompliance upon his offer to do so prior to the entry of summary judgment. Accordingly, we reverse the summary judgment entered in favor of defendant and remand this cause for further proceedings, including appropriate discovery. As in *Piro*, if upon remand defendant can demonstrate the existence of a question of fact as to whether it was prejudiced by plaintiff's late compliance, the issue becomes one of substantial compliance and is for the jury.

For the foregoing reasons, the judgment of the circuit court of Williamson County is reversed, and this cause is remanded for further proceedings not inconsistent with this order.

Reversed and remanded.

CHAPMAN, J., concurs.

PRESIDING JUSTICE LEWIS, dissenting:
I feel that I must dissent, because we are going too far in allowing an insured to breach his or her contractual duties.

*Piro v. Pekin Insurance Co.* (1987), 162 Ill. App. 3d 225, 514 N.E.2d 1231, can be distinguished on its facts. In *Piro*, the insured gave a

statement to the investigator of the insurer that, when transcribed, spanned 85 pages. The insured also submitted a proof-of-loss form, signed a release-of-information form authorizing his bank to release copies of his banking records to the insurer, and permitted an accountant employed by the insurer to inspect the financial records of the insured. It was only after all of this that the insured refused to answer some questions at an examination under oath about his rental property and other businesses that he owned, a sale and repurchase of the business from a former employee, and further failed to produce his personal income tax returns. Piro also submitted to polygraph examinations after filing his suit, and when the insurer filed a motion for a summary judgment, Piro filed the documents requested by the insurer.

In the case at bar, plaintiff still has not provided any of the information requested by defendant, he has lied under oath about the whereabouts of a member of his household, and he did not respond to a request to admit facts. Further, the defendant's counsel during the oral examination of plaintiff offered to allow the plaintiff to consult with his attorney and, most importantly, sent plaintiff a letter after plaintiff walked out of the examination, offering to allow the plaintiff to complete his examination on a mutually convenient date, if plaintiff called him within the next 30 days. The plaintiff snubbed the defendant's offer and ultimately filed suit. Clearly, plaintiff failed to cooperate and continued to not cooperate, until his counsel on the motion for summary judgment offered to comply. As I understand it, plaintiff to this day, contrary to *Piro*, has not filed the requested documents.

We should not interfere with the parties' right to contract. While I agree that insurance policies can be confusing to almost everyone in the world, this was not a case of the plaintiff not understanding the terms of the policy. He simply refused to comply with his agreement. The majority has now written a new clause into the insurance policy that basically says that the insured can refuse to submit to an oral examination, refuse to produce members of his household, and refuse to submit requested documents until ordered by the court. This ruling abrogates the duties of the insured under policies for no discernible reason. There are not even public policy reasons suggested for doing so.

It does not take much imagination to see that the result of this ruling will be that, if there is questionable liability, the insured's lawyer will send his client, if counsel sends him at all, to the oral examination with the instructions to answer nothing or as little as possible. All discovery will come to a halt until the insured files suit.

Since there are no apparent public policy reasons for not allowing the insurance company to conduct an investigation of suspicious claims, I question the wisdom of encouraging insureds to hinder or block the insurance company's investigation.

This court should not decide what provisions should or should not be contained in an insurance policy, unless there are clear public policy reasons for providing for or prohibiting such. The Department of Insurance is the agency responsible for determining if the provisions of insurance policies are improper, so we should wait until the Department rules and the matter is properly brought before this court before we relieve a party to the insurance contract of his or her responsibilities.

Accordingly, I would affirm the trial court.