ROLAND HARTSHORN *et al.*, Plaintiffs-Appellants, v. STATE FARM INSURANCE COMPANY *et al.*, Defendants-Appellees.

Second District   No. 2—05—0239

Opinion filed October 31, 2005.

Anthony M. Berardi, of Downers Grove, for appellants.

Peter Alfieri, of Law Offices of Peter Alfieri, of Chicago, for appellee State Farm Insurance Company.

Steven B. Ekker and Christopher M. Lunardini, both of Momkus, McCluskey, Monroe, Marsh & Spyratos, L.L.C., of Downers Grove, for appellee Safeguard Products International, Inc.

JUSTICE CALLUM delivered the opinion of the court:
Plaintiffs, Roland Hartshorn and Lauren Hartshorn, appeal the

circuit court's orders granting summary judgment to defendant State Farm Insurance Company (State Farm) and dismissing their complaint against defendant Safeguard Products International, Inc. (Safeguard). Plaintiffs sued both defendants after their vehicle burned and defendants refused to pay their claims. State Farm sought summary judgment on the ground that plaintiffs refused to cooperate with its investigation as the policy required. Safeguard moved to dismiss on the ground that plaintiffs did not timely notify it of their claim as the policy required. Plaintiffs contend that both rulings were erroneous because issues of fact exist on these questions. We affirm in part, reverse in part, and remand.

According to plaintiffs' complaint, plaintiffs purchased a 2000 Mitsubishi Montero from Libertyville Mitsubishi (Libertyville). When they bought the car, they purchased a "GAP Policy" from Safeguard. The policy provided that, if anything happened to the car, Safeguard would pay off any indebtedness remaining after the primary insurance was exhausted. According to Roland Hartshorn's affidavit, an employee of the dealer solicited the policy. The employee accepted a check for $295 from plaintiffs, cosigned the application, and submitted it to Safeguard.

On March 18, 2003, the Montero caught fire in Tennessee. The vehicle was insured by a State Farm policy, which contained a "cooperation clause," requiring the insureds to, among other things, "provide all records, receipts and invoices, or certified copies of them" and "answer questions under oath when asked by anyone we name."

In a letter addressed to plaintiffs and two addressed to their attorney, State Farm requested plaintiffs to submit to examinations under oath and to produce numerous documents. Plaintiffs' attorney contacted State Farm once and asked that plaintiffs' examinations be rescheduled. State Farm complied. However, plaintiffs never appeared for their examinations, never again asked that they be rescheduled, and never produced any documents. Accordingly, State Farm denied their claim.

Plaintiffs sued State Farm and Safeguard, alleging that they breached their contracts by failing to reimburse plaintiffs for the loss of their car. State Farm moved for summary judgment on the ground that plaintiffs did not comply with the cooperation clause. In response, Roland Hartshorn averred that he had provided a police report and was in the process of gathering additional information. Plaintiffs argued that State Farm had not shown that it was prejudiced by plaintiffs' alleged noncooperation and that the sufficiency of plaintiffs' efforts was a question of fact.

Safeguard moved to dismiss, alleging that plaintiffs never notified it of their claim, as the policy required. In response to Safeguard's motion, plaintiffs alleged that they notified Libertyville, which was Safeguard's agent. The trial court granted both motions and plaintiffs appeal.

Plaintiffs first contend that the trial court erred in granting State Farm's summary judgment motion, because State Farm did not allege that it was prejudiced by plaintiffs' noncooperation. Summary judgment is proper when the pleadings, depositions, and affidavits demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 2004). We review *de novo* an order granting summary judgment. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992).

Plaintiffs contend that prejudice to the insurer is always relevant in deciding whether the insurer can rely on the insureds' lack of cooperation to deny coverage. State Farm, on the other hand, contends that, except in cases involving liability insurance where the rights of third parties may be affected, prejudice to the insurer is never relevant when an insurer seeks to deny coverage based on a lack of cooperation. Actually, the correct rule of law lies somewhere between these extreme positions. However, this does not help plaintiffs given the facts of this case.

In *Horton v. Allstate Insurance Co.*, 125 Ill. App. 3d 1034 (1984), the appellate court affirmed summary judgment for the insurer where the insureds made no effort to comply with the insurer's request to produce documents. *Horton*, 125 Ill. App. 3d at 1037-38. The court cited *Niagara Fire Insurance Co. v. Forehand*, 169 Ill. 626, 629 (1897), which held that where "an insurance policy makes it incumbent on the insured, in the event of a loss, to produce his books or invoices for examination, he must comply with such provision or he cannot recover."

Cases since *Horton*, however, have held that where the insureds made some effort to comply with the insurer's requests for information, but their cooperation was either late or incomplete, the sufficiency of those efforts was a question of fact and therefore inappropriate for summary judgment. See *Crowell v. State Farm Fire & Casualty Co.*, 259 Ill. App. 3d 456, 460 (1994); *Patel v. Allstate Insurance Co.*, 211 Ill. App. 3d 324, 328-29 (1991); *Piro v. Pekin Insurance Co.*, 162 Ill. App. 3d 225, 229 (1987). One court stated that whether information required by the policy to be disclosed was wilfully and fraudulently withheld should not be resolved by summary judgment

except in " 'the most extreme of cases.' " *Piro*, 162 Ill. App. 3d at 229, quoting *Happy Hank Auction Co. v. American Eagle Fire Insurance Co.*, 1 N.Y.2d 534, 539, 136 N.E.2d 842, 844, 154 N.Y.S.2d 870, 873 (1956).

In *Purze v. American Alliance Insurance Co.*, 781 F. Supp. 1289 (N.D. Ill. 1991), the district court noted that, except in *Piro*, no Illinois court had recognized a prejudice requirement in noncooperation cases. However, the court assumed that information sought would be subject to a materiality requirement, which implied an element of prejudice. The court carefully documented why the insurance company reasonably believed that the fire in question might have been arson and why at least most of the documents sought might have been relevant to that inquiry. *Purze*, 781 F. Supp. at 1293-94.

■ *Horton* remains good law for its core holding: where the insureds make virtually no effort to produce relevant information and the insurer relies on a cooperation clause to deny coverage, the insurer is entitled to summary judgment. *Horton*, 125 Ill. App. 3d at 1037-38; see also *American Country Insurance Co. v. Bruhn*, 289 Ill. App. 3d 241, 250 (1997) (when the insured completely fails to communicate with the insurer about an accident, a violation of the cooperation clause is patent). Here, unfortunately for plaintiffs, this appears to be that "most extreme of cases" to which *Piro* referred. Except for perhaps a police report, plaintiffs provided no documents and failed three times to appear for examination. Moreover, even in the face of defendant's summary judgment motion, plaintiffs have not stated clearly that they will cooperate further. In *Crowell*, the appellate court reversed summary judgment for the insurer where, after the motion was filed, the plaintiff agreed to submit to a deposition and answer all relevant questions. *Crowell*, 259 Ill. App. 3d at 460. Plaintiffs here have not done even this much. In light of plaintiffs' almost complete lack of cooperation, the trial court properly granted State Farm summary judgment.

■ Plaintiffs also contend that the trial court improperly granted Safeguard's motion to dismiss. We hold that the court properly dismissed the complaint as it relates to Safeguard, but that the dismissal should have been without prejudice.

Safeguard filed a combined motion to dismiss under sections 2—619 and 2—615 of the Code of Civil Procedure (Code). See 735 ILCS 5/2—619.1 (West 2004). The section 2—619 (735 ILCS 5/2—619 (West 2004)) portion of the motion alleged that plaintiffs did not notify it of their claim within 30 days as the policy required. The motion included the affidavit of Michael Bardell, Safeguard's corporate

counsel. He averred that he had searched Safeguard's corporate records and found no record of any communication from plaintiffs. The section 2—615 (735 ILCS 5/2—615 (West 2004)) portion of the motion alleged that the complaint did not allege that plaintiffs properly notified Safeguard and, indeed, did not contain a separate count against Safeguard. Rather, allegations against Safeguard were intermingled in a single count with those against State Farm.

In response, plaintiffs asserted that they notified Libertyville, which was Safeguard's agent. The trial court granted Safeguard's motion and dismissed the complaint with prejudice. On appeal, plaintiffs argue that the contract is ambiguous regarding to whom notice was to be given and that they timely notified Safeguard's agent of their claim. Safeguard responds that there is no evidence that Libertyville was its agent.

A cause of action should not be dismissed on the pleadings unless it appears that no set of facts can be proved that will entitle the plaintiff to recover. *Loftus v. Mingo*, 158 Ill. App. 3d 733, 738 (1987). We review *de novo* an order dismissing a complaint under either section 2—615 or section 2—619.

Initially, we note that the complaint did not contain a separate count against Safeguard. Rather, allegations concerning the State Farm and Safeguard policies are mixed together. Section 2—603(b) of the Code requires that "[e]ach separate cause of action upon which a separate recovery might be had shall be stated in a separate count or counterclaim." 735 ILCS 5/2—603(b) (West 2004). Clearly, plaintiffs' complaint was deficient in this regard. Moreover, plaintiffs did not allege that they notified Safeguard of their claim. Generally, a breach-of-contract plaintiff must plead that he or she performed all of his or her obligations under the contract. *Talbert v. Home Savings of America*, 265 Ill. App. 3d 376, 379 (1994).

Because of these deficiencies, which Safeguard pointed out in its motion, the trial court properly dismissed the complaint. However, it appears that the deficiencies could be easily cured. The first problem could be fixed by simply pleading a separate count against Safeguard. Also, as we explain below, plaintiffs were prepared to plead that they gave Safeguard notice through its agent. The trial court should exercise its discretion liberally in favor of allowing amendments, and any doubts should be resolved in favor of allowing the amendment, if the ends of justice will be furthered by allowing the plaintiff to file an amended complaint. *Muirfield Village-Vernon Hills, LLC v. K. Reinke, Jr., & Co.*, 349 Ill. App. 3d 178, 195 (2004). In *Muirfield Village*, the defects in the complaint easily could have been remedied. This court

held that the trial court abused its discretion in dismissing the complaint with prejudice and should have allowed the plaintiffs another chance to amend. *Muirfield Village*, 349 Ill. App. 3d at 195. A similar holding is warranted here.

Safeguard asserts—and plaintiffs do not dispute—that plaintiffs never directly notified Safeguard of their potential claim. However, plaintiffs assert that they notified Libertyville, which was Safeguard's agent. Safeguard vigorously disputes this conclusion and argues that plaintiffs failed to produce "acceptable evidence" of an agency relationship between Safeguard and Libertyville.

We do not know what Safeguard deems "acceptable evidence" or how plaintiffs would be expected to know, without conducting some discovery, the precise nature of the relationship between Safeguard and Libertyville. We do know that Safeguard attached to its motion to dismiss a copy of the contract, and the document itself compels the conclusion that notice to Libertyville was proper.

We first observe that the contract is ambiguous on the question of to whom notice was to be given. The back of the single-page document, which contains most of the substantive terms, provides, "All claims must be reported to the address on page 1 within 30 days of the DATE OF LOSS or claim shall be void." Page one, however, contains three addresses in addition to plaintiffs' address. The first is the address of Libertyville. Next is the address of the lender, Mitsubishi Motor Credit. Both of these addresses are inside a box in the main body of the application. Safeguard's address appears at the bottom of the page. It is inside a separate box under the heading "DECLINATION OF LOAN/LEASE DEFICIENCY WAIVER ADDENDUM." The box contains lines for the signatures of the customer and the dealer, both of which are blank. Thus, the only reference to Safeguard on the first page of the document is inside a separate box containing an addendum that was not signed by anyone. It would not, therefore, be unreasonable to assume that the "address on page 1" to which notice was to be sent was that of either the dealer or the lender. It would be easy to disregard Safeguard's address, which is inside a box containing an addendum that was never executed.

If language in an insurance policy is susceptible to more than one reasonable meaning, it is considered ambiguous and will be construed against the insurer. *Gillen v. State Farm Mutual Automobile Insurance Co.*, 215 Ill. 2d 381, 393 (2005). While Safeguard insists that the contract is a "debt cancellation" agreement and not an insurance policy, this distinction does not help it, because the rule that an ambiguous contract should be construed against the drafter generally applies to all contracts. See *Jewelers Mutual Insurance Co. v. Firstar Bank Illinois*, 341 Ill. App. 3d 14, 18 (2003), *aff'd*, 213 Ill. 2d 58 (2004).

In light of this principle, it is reasonable to conclude that plaintiffs could comply with the contract by giving notice at any of the three addresses listed on page one.

This observation alone disposes of this issue. If plaintiffs did in fact notify Libertyville within 30 days, then they complied with the policy's notice provision regardless of whether the dealer was Safeguard's agent. Of course, if the contract authorizes Libertyville to receive notice on behalf of Safeguard, then the former was, by definition, the latter's agent, at least for that limited purpose.

Moreover, the record contains additional evidence that Libertyville was Safeguard's agent. The contract application contains signature blanks for the customer and the dealer. There is no additional space for the signature of a Safeguard representative. Roland Hartshorn averred that he gave the dealer's representative a check for the cost of the policy. Under the circumstances, it is hard to see how Libertyville could not have been Safeguard's agent.

In general, the existence of an agency relationship may be established by circumstantial evidence. *Swader v. Golden Rule Insurance Co.*, 203 Ill. App. 3d 697, 702 (1990). If the evidence shows one acting for another under circumstances implying knowledge of those acts by the supposed principal, a *prima facie* case of agency is established. *Elmore v. Blume*, 31 Ill. App. 3d 643, 647 (1975). The relationship does not necessarily depend on an express appointment or acceptance by the principal and agent. *Swader*, 203 Ill. App. 3d at 703. Here it appears, at the very least, that Libertyville became Safeguard's agent when it procured the application and procured the payment. Therefore, the trial court improperly dismissed the complaint with prejudice on the ground that plaintiffs did not properly notify Safeguard.

As a final matter, Safeguard also argues that the policy application was signed only by Roland Hartshorn and, therefore, at a minimum, the dismissal was proper as to Lauren Hartshorn. The contract at issue is a "debt cancellation" agreement under which Safeguard agreed to pay off the balance of the indebtedness if anything happened to the car. Plaintiffs jointly purchased the car and applied for financing. As they were jointly and severally liable on the debt, the coverage would (presumably) inure to Lauren Hartshorn's benefit regardless of whether she specifically applied for the policy. Moreover, nothing in the record excludes the possibility that Roland Hartshorn applied for the policy as the agent for his wife.

The judgment of the circuit court of Du Page County granting summary judgment to State Farm is affirmed. The circuit court's judg-

ment dismissing the complaint against Safeguard with prejudice is reversed, and the cause is remanded for further proceedings.

Affirmed in part and reversed in part; cause remanded.

HUTCHINSON and GROMETER, JJ., concur.