**FIRST DIVISION**
November 16, 2009

No. 1-08-3073

| | | |
|---|---|---|
| CABLE AMERICA, INC. d/b/a Satellite America | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 03 CH 12160 |
| PACE ELECTRONICS, INC., and MINNESOTA DIGITAL UNIVERSE, INC., | ) ) ) | The Honorable Dennis J. Burke, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE GARCIA delivered the opinion of the court.

The plaintiff, Cable America, appeals from the circuit court's dismissal of its fifth amended complaint under section 2-615 of the Illinois Code of Civil Procedure (the Code) (735 ILCS 5/2-615 (West 2006) ("Motions with respect to pleadings")). Judge Dennis J. Burke ruled the plaintiff's fifth amended complaint failed to identify a cause of action as required by section 2-603 of the Code. 735 ILCS 5/2-603 (West 2006). Section 2-603(a) requires a plaintiff to set out in its complaint "a plain and concise statement of the pleader's cause of action." 735 ILCS 5/2-603(a) (West 2006). Judge Burke found the plaintiff's fifth amended complaint failed to identify any cause

of action, a violation that was present in the plaintiff's third and fourth amended complaints. In his order dismissing the complaint with prejudice, Judge Burke noted, he "explicitly informed Plaintiff how to remedy the defects in the pleadings in several prior Orders, and Plaintiff has repeatedly failed to comply." With new counsel, the plaintiff filed its motion to reconsider the dismissal order under section 2-1203 of the Code, which Judge Burke denied. 735 ILCS 5/2-1203 (West 2006).

We conclude it was within the circuit court's discretion to enforce its order requiring the plaintiff to comply with section 2-603 in its fifth amended complaint or face dismissal with prejudice. We find no abuse of discretion in the circuit court's denial of the plaintiff's motion to reconsider. We affirm.

BACKGROUND

The plaintiff filed this action on July 22, 2003, seeking injunctive relief against the defendants pursuant to a written contract executed between the plaintiff and the defendants' predecessor in interest, Golden Sky Systems. Under the agreement, the plaintiff was to receive a commission for subscribing new customers to DirecTV satellite television service, with the defendants acting as "Master System Operator" for the service. The contract's stipulated termination date was April 10, 2003. The plaintiff conceded in its initial complaint

that the contract had "expired on its face," but contended that the defendants had "continued with a course of conduct consistent with the understanding that the parties were doing business together pursuant to the terms and conditions of the Agreement." The plaintiff alleged it had obtained new satellite television subscriptions, but the defendants had refused to supply the plaintiff with the account numbers necessary to activate those subscriptions.

Two days after the action was filed, the circuit court entered an agreed order providing that the defendants were to supply the plaintiff with the necessary account numbers. The defendants, however, allegedly did not comply with the agreed order. On September 20, 2005, the plaintiff filed its first amended complaint seeking in two counts an accounting and alleging in a third count breach of contract. The circuit court dismissed the accounting counts, but ordered the defendants to answer the breach of contract count, which they did. The parties proceeded with discovery.

Thereafter, the plaintiff sought and was granted leave to file a second amended complaint, which the plaintiff did on December 19, 2006. On January 16, 2007, the defendants moved to dismiss that complaint pursuant to section 2-615. On May 7, 2007, the court granted the defendants' motion and dismissed the

3

complaint without prejudice.  It found that the complaint "fail[ed] to set forth sufficient allegations to state a cause of action for breach of contract."

On June 1, 2007, the plaintiff filed its third amended complaint without identifying the nature of the cause of action in the complaint.  The defendants again moved to dismiss, this time alleging a violation of section 2-603 of the Code, in addition to a violation of section 2-615.  On October 2, 2007, the court dismissed the third amended complaint without prejudice, directing that the "Plaintiff must specify the type of cause of action at issue."

On October 29, 2007, the plaintiff filed its fourth amended complaint, which again did not identify a cause of action.  The defendants moved to dismiss on the same grounds as before.  On February 14, 2008, the court entered an order dismissing the plaintiff's fourth amended complaint, which reads in pertinent part:

"[T]he Court finds that Plaintiff must specify the type of cause of action it is pursuing as required under 735 ICLS [sic] 5/2-603.  From Plaintiff's pleadings, it is unclear whether Plaintiff is pursuing breach of an express contract, breach of an oral contract, or violation of a prior Court Order.  The

4

Court previously instructed Plaintiff to specifically

designate its cause of action in the October 2, 2007

Order, but Plaintiff has failed to comply in the Fourth

Amended Complaint. ***

Plaintiff is granted one final 28 days to replead."

On March 13, 2008, the plaintiff filed its fifth amended complaint. The complaint alleged that the parties had executed a written contract, a copy of which the plaintiff attached to the complaint. The complaint also alleged that the parties continued to perform their respective obligations under the contract after its stipulated expiration date. Finally, the complaint alleged that the defendants had acknowledged in the agreed order the plaintiff's right to receive the DirecTV account numbers from the defendants. The fifth amended complaint did not, however, identify the plaintiff's cause of action. The complaint also failed to otherwise separate what appeared to be multiple causes of action. The defendants once again moved to dismiss the complaint under sections 2-603 and 2-615.

The circuit court entered an order dismissing the plaintiff's fifth amended complaint with prejudice. In its dismissal order, the court noted it had directed the plaintiff to "clearly identify the exact cause of action it was pursuing as required by 735 ILCS 5/2-603." The court ruled the fifth amended

No. 1-08-3073

complaint was insufficient as matter of law under section 2-615 because the "Plaintiff has failed to identify whether the cause of action is for breach of an oral contract or breach of a written contract."

With representation by new counsel and within 30 days of the dismissal with prejudice order, the plaintiff filed a motion to vacate the dismissal order under "Section 2-1203 of the Illinois Code of Civil Procedure." 735 ILCS 5/2-1203 (West 2006). The plaintiff also attached a proposed sixth amended complaint to the motion to vacate. The motion asserted that the circuit court erred in dismissing the fifth amended complaint with prejudice. The circuit court accepted the motion as one for reconsideration. It denied the motion because the plaintiff made no showing of any newly discovered evidence, changes in the law, or errors in the court's application of existing law, citing <u>General Motors Acceptance Corp. v. Stoval</u>, 374 Ill. App. 3d 1064, 1078, 872 N.E.2d 91 (2007).[1]

This timely appeal followed.

ANALYSIS

Standard of Review

---

[1] The plaintiff does not contend that the circuit court should have considered the adequacy of the plaintiff's sixth amended complaint before issuing its ruling.

6

The parties agree that the circuit court's ruling dismissing the plaintiff's fifth amended complaint with prejudice is subject to review under an abuse of discretion standard. The parties further agree that the circuit court's denial of the plaintiff's motion to reconsider, with a sixth amended complaint attached, is subject to the same standard of review. We address the issues based on the agreed-upon standards of review.

### Dismissal of Fifth Amended Complaint

We first address the circuit court's decision to dismiss the plaintiff's fifth amended complaint based on the complaint's failure to comply with section 2-603. Section 2-603(a) requires that a complaint "contain a plain and concise statement of the pleader's cause of action." 735 ILCS 5/2-603(a) (West 2006). Where multiple forms of relief are sought, section 2-603(b) requires that "[e]ach separate cause of action upon which a separate recovery might be had shall be stated in a separate count *** and each count *** shall be separately pleaded, designated and numbered." 735 ILCS 5/2-603(b) (West 2006).

Below, the plaintiff contended "there is only one cause of action alleged in Plaintiff's Fifth Amended Complaint." The plaintiff asserted the cause of action is "Breach of Contract." However, as the circuit court pointed out in its dismissal order, in addition to not identifying its cause of action as one for

7

No. 1-08-3073

breach of contract, the "Plaintiff has failed to identify whether the cause of action is for breach of an oral contract or breach of a written contract."

Before us, the plaintiff contends in its main brief that its "fifth amended complaint unequivocally identified the cause of action and it reasonably informed the Defendants that Cable America was proceeding with an action for breach of an oral contract."

The purpose of section 2-603 "is to give notice to the court and to the parties of the claims being presented." Smith v. Heissinger, 319 Ill. App. 3d 150, 154, 745 N.E.2d 666 (2001), citing Wong v. Stevens, 216 Ill. App. 3d 299, 301, 576 N.E.2d 1069 (1991). Failure to comply with section 2-603 may be grounds for dismissal of the complaint. Rubino v. Circuit City Stores, Inc., 324 Ill. App. 3d 931, 941, 758 N.E.2d 1 (2001) (complaint, which was "indecipherable" and impossible to adequately respond to, violated section 2-603 and was ultimately dismissed pursuant to section 2-619.1 of the Code); Hartshorn v. State Farm Insurance Co., 361 Ill. App. 3d 731, 735, 838 N.W.2d 211 (2005) ("the trial court properly dismissed the complaint" under section 2-603, but the dismissal should have been without prejudice).

Fundamental to the plaintiff's contention that the circuit court abused its discretion in dismissing its fifth amended

8

complaint is its claim that the circuit court misread the complaint. According to the plaintiff, the fifth amended complaint "unequivocally" identified the cause of action as breach of an oral contract and therefore dismissal was unwarranted. We disagree for two reasons.

First, it is incontrovertible that the plaintiff's fifth amended complaint did not contain "a plain and concise statement of the pleader's cause of action." 735 ILCS 5/2-603(a) (West 2006). The 6-page, 27-paragraph fifth amended complaint did not identify a single cause of action.

Second, in the absence of a plain and concise statement of the plaintiff's cause of action, a reasonable reading of the fifth amended complaint is that multiple causes of action are asserted. We agree with the defendants that it is unclear whether the fifth amended complaint seeks recovery for noncompliance with the agreed order, breach of an oral contract, breach of a written contract, or breach of a contract implied in fact. These claims are, of course, distinct "cause[s] of action upon which a separate recovery might be had." 735 ILCS 5/2-603(b) (West 2006). Oral and written contracts are both forms of an express contract. An express contract, in turn, is a cause of action distinct from a contract implied in fact. Owen Wagener & Co. v. U.S. Bank, 297 Ill. App. 3d 1045, 1052, 697

9

N.E.2d 902 (1998) (treating express contract claims and claims for a contract implied in fact as separate causes of action). A contract implied in fact goes beyond written words: a contract implied in fact " 'is arrived at by a consideration of [the parties'] acts and conduct.' " Wagener, 297 Ill. App. 3d at 1052, quoting Barry Mogul & Associates, Inc. V. Terrestris Development Co., 267 Ill. App. 3d 742, 750, 643 N.E.2d 245 (1994). Finally, an action to enforce an agreed order is yet another distinct cause of action upon which recovery might be had. See, e.g., Kandalepas v. Economou, 269 Ill. App. 3d 245, 247 (1994) (entertaining a cause of action for enforcement of an agreed settlement order).

The plaintiff's fifth amended complaint is not unlike the plaintiff's complaint in Rubino, which we found "undecipherable" because many of its paragraphs incorporated by reference other paragraphs, which in turn incorporated other paragraphs, and so on. Rubino, 324 Ill. App. 3d at 941. Based on the multiple levels of incorporation of various paragraphs in the 14-page, 23-count second amended complaint, we found it "impossible" for the defendants to distinguish the different causes of action. Rubino, 324 Ill. App. 3d at 938-41. We noted that in one instance, the complaint combined "more than a dozen factual allegations into a single paragraph." Rubino, 324 Ill. App. 3d

at 940.  We agreed with the circuit court that the complaint violated section 2-603.  Rubino, 324 Ill. App. 3d at 938.

We acknowledge that in Rubino, the dismissal of the complaint ultimately was entered "pursuant to section 2-619.1 of the Code of Civil Procedure," which triggered a de novo review.  Rubino, 324 Ill. App. 3d at 934.  However, we find the Rubino court's declaration that the complaint violated section 2-603 supports the circuit court's determination here that a violation of that section warrants dismissal of the plaintiff's cause of action.

Authority for Judge Burke's dismissal of the plaintiff's fifth amended complaint based on a violation of section 2-603 is also found in Hartshorn.  In Hartshorn, separate causes of action against different defendants were "mixed together" in violation of section 2-603(b).  Hartshorn, 361 Ill. App. 3d at 735.  "Clearly, plaintiffs' complaint was deficient in this regard."  Hartshorn, 361 Ill. App. 3d at 735.  The complaint being found deficient, the court determined that "the trial court properly dismissed the complaint."  Hartshorn, 361 Ill. App. 3d at 735.

In this case, it is impossible to decipher whether the allegations in the plaintiff's fifth amended complaint advance a single cause of action or multiple causes, including breach of the agreed order, breach of a written contract, or breach of a

11

contract implied in fact.  The confusion stems, at least in part, from the plaintiff's failure to identify any cause of action in its pleadings in derogation of section 2-603.  While the fifth amended complaint does not contain a single "cause of action" heading, the allegations appear to suggest different causes of action all lumped together.  Paragraph 5 of the fifth amended complaint identifies an express written contract; paragraph 9 suggests a contract implied in fact; and paragraph 10 makes reference to the agreed order.

To add to the confusion, the plaintiff claims before us that, in fact, its lone cause of action in its fifth amended complaint is breach of an oral contract.  Ironically, an oral contract is the one cause of action that is not expressed in the allegations set out in the fifth amended complaint.  Surely, it would have been a simple matter to add a heading identifying "breach of an oral contract" to the complaint if that is the plaintiff's true cause of action.  However, the allegations go far beyond an oral contract cause of action, which may explain the plaintiff's failure to expressly limit his cause of action.

Thus, we cannot agree that a reasonable reading of the plaintiff's fifth amended complaint suggests a single cause of action of breach of oral contract.  Much as we declared in Rubino, the pleadings here, with suggestions of four different

12

causes of action, violated section 2-603, warranting the complaint's dismissal. Consistent with Hartshorn, a reasonable reading of the plaintiff's fifth amended complaint is that the allegations improperly "mixed" different causes of action, which violated section 2-603. The defendants were not put on notice that the plaintiff meant to assert in its fifth amended complaint a single cause of action of breach of an oral contract.

We find that the plaintiff's fifth amended complaint warranted dismissal under a plain reading of section 2-603(a) because it failed to contain "a plain and concise statement of the pleader's cause of action" (735 ILCS 5/2-603(a) (West 2006)). Dismissal was warranted as well because the allegations in the fifth amended complaint suggest multiple causes of action, not identified and segregated as required under section 2-603(b) (735 ILCS 5/2-603(b) (West 2006)). The circuit court did not abuse its discretion in dismissing the complaint.

"With Prejudice"

We acknowledge that the court in Hartshorn reversed on the dismissal "with prejudice." Hartshorn, 361 Ill. App. 3d at 735. In that case, however, the circuit court did not give the plaintiffs multiple opportunities to amend their complaint. Hartshorn, 361 Ill. App. 3d at 733. Here, the circumstances differ drastically. The plaintiff was put on notice that its

13

third and fourth amended complaints failed to comply with section 2-603. In dismissing the fourth amended complaint with leave to refile, the circuit court directed the plaintiff to comply with section 2-603(b) by specifying the type of cause of action at issue in its fifth amended complaint or face dismissal with prejudice: "Plaintiff is granted one final 28 days to replead." In spite of the court's patient direction, the plaintiff failed yet again to comply with section 2-603. This was a direct violation of the court's order. See Sander v. Dow Chemical Co., 166 Ill. 2d 48, 67, 651 N.E.2d 1071 (1995) (upholding a circuit court's dismissal with prejudice of a complaint for the plaintiff's repeated failure to follow court orders regarding proper pleading), citing Nicholson v. Chicago Bar Ass'n, 233 Ill. App. 3d 1040, 599 N.E.2d 1132 (1992), and Fair Automotive Repair, Inc. v. Car-X Service Systems, Inc., 128 Ill. App. 3d 763, 471 N.E.2d 554 (1984). The circuit court dismissed the plaintiff's fifth amended complaint with prejudice in the exercise of its discretion, which the parties agree is the proper standard of review in the context of this case.

Our supreme court has "acknowledge[d] the inherent authority of a circuit court to dismiss a cause of action with prejudice for failure to comply with court orders where the record shows deliberate and continuing disregard for the court's authority."

14

No. 1-08-3073

Sander, 166 Ill. 2d at 67.  Such authority is "necessary to prevent undue delays in the disposition of cases caused by abuses of procedural rules, and also to empower courts to control their dockets."  Sander, 166 Ill. 2d at 66.

In Sander, the circuit court struck the "punitive damages" claim in the plaintiffs' original complaint, explicitly instructing the plaintiffs not to include that claim in their amended complaint.  Sander, 166 Ill. 2d at 52.  Over the course of the litigation, however, the plaintiffs failed to comply with court orders that the complaint be filed in proper form.  Sander, 166 Ill. 2d at 52-58.  The plaintiffs also failed to timely file amended complaints on four separate occasions.  Sander, 166 Ill. 2d at 52-58.  They were tardy in responding to defense motions, in responding to requests for discovery, and in appearing at court hearings.  Sander, 166 Ill. 2d at 52-58.

Some defendants filed motions seeking dismissal with prejudice.  Sander, 166 Ill. 2d at 57.  Based on the plaintiffs' repeated violations of court orders and insistence upon including stricken allegations in their complaint, the court dismissed the case with prejudice.  Sander, 166 Ill. 2d at 58.  The court, however, allowed the plaintiffs 30 days to file a motion to reconsider, with the warning "that it would not reconsider the dismissal unless the amended complaint was 'in proper form with

15

no excuses.'" Sander, 166 Ill. 2d at 59.

The plaintiffs filed a motion to vacate the dismissal order with a request for "leave to file a fourth-amended complaint instanter." Sander, 166 Ill. 2d at 59. Because the proposed fourth amended complaint contained many of the same allegations previously stricken by the court and again "contained a prayer for punitive damages," the court denied the plaintiffs' motion to vacate the order dismissing the plaintiffs' cause of action with prejudice. Sander, 166 Ill. 2d at 59. The court "made it clear" that it dismissed plaintiffs' complaint for "plaintiffs' repeated failure to comply with court orders and not for *** failure to state a cause of action." Sander, 166 Ill. 2d at 59.

The supreme court affirmed the dismissal with prejudice as both a proper sanction under Supreme Court Rule 219(c) (134 Ill. 2d R. 219(c)) and an exercise of the circuit court's "inherent authority to dismiss plaintiffs' cause of action with prejudice." Sander, 166 Ill. 2d at 71.

Much as in Sander, the circuit court here informed the plaintiff that its third and fourth amended complaints were fatally deficient. In dismissing the fourth amended complaint, the court ordered, "Plaintiff must specify the type of cause of action it is pursuing as required under 735 ILCS 5/2-603." We find the plaintiff's repeated disregard of the circuit court's

16

order that it identify the cause of action in its amended complaints is the type of "abuse[] of procedural rules" that the supreme court found warranted dismissal in the exercise of the circuit court's inherent authority. Sander, 166 Ill. 2d at 66. The plaintiff's repeated noncompliance caused the type of "undue delays in the disposition of cases" that the circuit court has, in the exercise of its discretion, authority to curtail. Sander, 166 Ill. 2d at 66. Under Sander, the circuit court here was "empower[ed]" to "control [its] docket[]," and it did so properly when it dismissed the plaintiff's fifth amended complaint with prejudice. Sander, 166 Ill. 2d at 66.

Denial of Motion to Reconsider

In the face of the circuit court's inherent authority to dismiss with prejudice a deficient complaint, the plaintiff nonetheless contends the circuit court should have favorably exercised its discretion by granting its motion to vacate the dismissal with prejudice. " 'Before a trial judge can be deemed to have abused his discretion, the record must disclose that reasons or facts were presented to the trial judge as a basis for requesting the favorable exercise of the trial judge's discretion.' " City of West Chicago v. Clark, 58 Ill. App. 3d 847, 856, 374 N.E.2d 1277 (1978), quoting Stevenson v. Maston, 107 Ill. App. 2d 65, 70, 246 N.E.2d 38 (1969).

17

No. 1-08-3073

Following the court's dismissal, the plaintiff sought reconsideration of the dismissal order based on its motion to vacate, which was filed "pursuant to Section 2-1203 of the Illinois Code of Civil Procedure." Section 2-1203 provides:

"[A]ny party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." 735 ILCS 5/2-1203(a) (West 2006).

A section 2-1203 motion applies to "final orders" as well as to "judgments." Harchut v. OCE/Bruning, Inc., 289 Ill. App. 3d 790, 793, 682 N.E.2d 432 (1997). The decision to grant or deny a section 2-1203 motion is within the sound discretion of the circuit court. Stoval, 374 Ill. App. 3d at 1079. "The intended purpose of a motion to reconsider is to bring to the court's attention newly discovered evidence, changes in the law, or errors in the court's previous application of existing law." Stoval, 374 Ill. App. 3d at 1078.

Here, the plaintiff asserts that the circuit court erred in dismissing the fifth amended complaint with prejudice because the complaint unequivocally "specified a cause of action for breach

18

No. 1-08-3073

of an oral agreement."  The plaintiff classifies the circuit court's error as one of law.  A circuit court abuses its discretion when it makes an error of law.  See Koon v. United States, 518 U.S. 81, 100, 135 L. Ed. 2d 392, 414, 116 S. Ct. 2035, 2047 (1996) (where the Supreme Court explained that "[l]ittle turns *** on whether we label review of this particular question abuse of discretion or de novo, for an abuse-of-discretion standard does not mean a mistake of law is beyond appellate correction").

As we made clear above, the record does not support the plaintiff's assertion that it unequivocally "specified a cause of action for breach of an oral agreement."  No mention of an oral contract appears in the fifth amended complaint.  We cannot agree that based on the record before us, the circuit court was compelled to grant the plaintiff's motion to reconsider as a favorable exercise of discretion.  Stoval, 374 Ill. App. 3d at 1079.  In rejecting the plaintiff's motion to reconsider, the circuit court succinctly stated its ruling: "Plaintiff has failed to bring to the Court's attention newly discovered evidence, changes in the law, or errors in the Court's previous application of existing law."  We agree with the circuit court's assessment. The court did not abuse its discretion in denying the motion to reconsider.

19

No. 1-08-3073

## CONCLUSION

The plaintiff's third and fourth amended complaints violated section 2-603 of the Code by failing to identify, by a plain and concise statement, the plaintiff's cause of action. The circuit court acted within its discretion in ordering that the fifth amended complaint comply with the mandate of section 2-603 or face dismissal with prejudice. The plaintiff's fifth amended complaint did not comply with section 2-603. The plaintiff's cause of action was properly dismissed with prejudice as an exercise of the circuit court's inherent authority. The circuit court acted within its discretion in denying the plaintiff's motion to vacate the dismissal with prejudice order.

Affirmed.

HALL, P.J., and PATTI J., concur.

20

## REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

CABLE AMERICA, INC. d/b/a
Satellite America,

Plaintiff-Appellant,

v.

PACE ELECTRONICS, INC, and
MINNESOTA DIGITAL UNIVERSE, INC.,

Defendants-Appellees.

---

### No. 1-08-3073

**Appellate Court of Illinois**
**First District, First Division**

**Filed: November 16, 2009**

---

**JUSTICE GARCIA delivered the opinion of the court.**

**HALL, P.J, and PATTI, J., concur.**

---

**Appeal from the Circuit Court of Cook County**
**Honorable Dennis J. Burke, Judge Presiding**

---

| | |
|---|---|
| **For PLAINTIFF-APPELLANT** | **Joel F. Handler**<br>**55 W. Wacker Drive, Ste. 950**<br>**Chicago, IL 60601** |
| **For DEFENDANTS-APPELLEES** | **Andrew Szot, Esq.**<br>**PATZIK, FRANK & SAMONTNY LTD.**<br>**150 S. Wacker Dr., Ste. 1500**<br>**Chicago, IL 60606** |