2020 IL App (1st) 191137
No. 1-19-1137
Order filed January 27, 2020

First Division

NOTICE: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| DONALD J. TOWNSEL, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 2018 L 5755 |
| | ) | |
| NICHOLAS CONFEDERATE, | ) | The Honorable |
| | ) | Daniel T. Gillespie, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE HYMAN delivered the judgment of the court.
Justices Pierce and Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*: Dismissal of plaintiff's second amend *pro se* complaint with prejudice is affirmed.

¶ 2    Donald Townsel, a non-lawyer who represents himself, appeals from a trial court order dismissing with prejudice his second amended complaint against Nicholas Confederat. Townsel's brief fails to comply in numerous ways with the supreme court rules governing appellate review (Ill. S.Ct. R. 341 (eff. Feb. 6, 2013)), causing review to be extremely problematic. Nonetheless, we review Townsel's challenge on the merits, based on the record before us, and Confederat's

brief, which adequately clarifies the legal issues raised by Townsel's appeal so that we can deal with them. *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001).

¶ 3        We affirm the dismissal. Townsel's second amended complaint fails to provide a plain and concise statement of his claims, as required by section 2-603 of the Code of Civil Procedure (Code) (735 ILCS 5/2-603 (West 2018)) and fails to state a cause of action under section 2-615 of the Code. 735 ILCS 5/2-615 (West 2018).

¶ 4                                              Background

¶ 5        Self-represented litigant Donald Townsel filed his initial complaint against the Chicago Housing Authority, the Chicago Police Department, and Confederat in June 2018. The allegations are difficult to discern, but appear to arise from an incident on December 5, 2017, that allegedly resulted in unnamed "criminals" living in his CHA apartment complex assaulting him, and then his being falsely arrested by Chicago police. Townsel's complaint appears to allege (i) violations of his due process rights under the fourth and fourteenth amendments of the U.S. Constitution (U.S. Const. amends. IV and IV) and (ii) a claim under section 1983 of the federal Civil Rights Act (42 U.S.C. § 1983 (2012)) for "malicious prosecution." He also appears to allege that the CHA and Confederat, the landlord, negligently allowed the tenants who assaulted him to continue living in the building despite their criminal conduct. Townsel sought damages of $14 million.

¶ 6        In lieu of an answer, defendants filed separate motions to dismiss under section 2-603 and 2-615 of the Code. 735 ILCS 5/2-603, 2-615 (West 2018). Defendants argued that Townsel's complaint failed to set forth facts to state a cause of action under state or federal law. The trial court dismissed Townsel's complaint with leave to file an amended complaint. Townsel filed an amended complaint, which also included unclear allegations. Again, defendants moved to dismiss.

The trial court granted defendants' motions and gave Townsel leave to file a second amended complaint.

¶ 7 Townsel filed second amended complaints separately against each defendant. The facts, again, are difficult to decipher, but as to Confederat, Townsel appears to raise claims for negligence, defamation, breach of contract, retaliatory eviction, and premises liability, arising out of the December 2017 incident. Defendants separately moved to dismiss under section 2-603 and 2-615, and the trial court granted the motions, this time with prejudice. Townsel filed separate appeals against each defendant. (The CHA and the City of Chicago are not parties to this appeal; a different division of this court dismissed Townsel's appeal against the CHA (No. 1-19-1530) in December 2019.)

¶ 8                                            Analysis

¶ 9                                         Section 2-603

¶ 10 Section 2-603(a) of the Code requires that a complaint "contain a plain and concise statement of the pleader's cause of action." 735 ILCS 5/2-603(a) (West 2018). Where multiple forms of relief are sought, section 2-603(b) requires that "[e]ach separate cause of action upon which a separate recovery might be had shall be stated in a separate count * * * and each count * * * shall be separately pleaded, designated and numbered." 735 ILCS 5/2-603(b) (West 2018). The purpose of section 2-603 is to give notice to the court and the parties of the claims being presented. *Cable America Inc. v. Pace Electronics, Inc*., 396 Ill. App. 3d 15, 19 (2009). Failure to comply with section 2-603 may be grounds for dismissal of the complaint. *Id.*; *Rubino v. Circuit City Stores*, Inc., 324 Ill. App. 3d 931, 938 (2001). A complaint may be dismissed if it is drafted in a manner that renders any attempt to answer it futile. *Rubino*, 324 Ill. App. 3d at 938. We review the

court's decision to dismiss a complaint under section 2-603 for an abuse of discretion. *Cable American, Inc.*, 396 Ill. App. 3d at 22.

¶ 11    Townsel's second amended complaint included numerous allegations but failed to provide a plain and concise statement of his cause of action or set forth the counts separately, in violation of section 2-603 of the Code. The complaint as written fails to sufficiently and appropriately apprise Confederat of Townsel's allegations against him so he can adequately respond. *Rubino*, 324 Ill. App. 3d at 940-41. So, the trial court did not abuse its discretion in dismissing Townsel's second amended complaint. *Cable American, Inc.*, 396 Ill. App. 3d at 22 (trial court did not abuse its discretion in dismissing fifth amended complaint that "suggest[ed] multiple causes of action" but failed to properly identify or segregate them).

¶ 12                                          Section 2-615

¶ 13    A motion to dismiss under section 2-615 of the Code (735 ILCS 5/2-615 (West 2018)) challenges the legal sufficiency of the complaint based on defects apparent on its face. *Simpkins v. CSX Transportation, Inc.*, 2012 IL 110662, ¶ 13. We construe the allegations of the complaint in the light most favorable to the plaintiff and determine whether they state a cause of action on which relief can be granted. *Bogenberger v. Pi Kappa Alpha Corp.*, 2018 IL 120951, ¶ 23. In making this determination, we take as true all well-pleaded facts, and all reasonable inferences drawn from those facts. *Ferris, Thompson & Zweig, Ltd. v. Esposito*, 2017 IL 121297, ¶ 5. Dismissal requires finding no set of facts that would permit the plaintiff to recover. *Cochran v. Securitas Security Services USA, Inc.*, 2017 IL 121200, ¶ 11. Review of a section 2-615 dismissal is *de novo*. *Id.*

¶ 14    Townsel's second amended complaint is insufficient under section 2-615 because he failed to present legally and factually sufficient claims as a basis for recovery or to plead facts which

bring the claim within a legally recognized cause of action. *Chandler v. Illinois Central R.R. Co.*, 207 Ill. 2d 331, 348 (2003); *Coghlan v. Beck*, 2013 IL App (1st) 120891, ¶ 22. Although Townsel alleges multiple causes of action against Confederat including negligence, defamation, and breach of contract, his complaint does not plead facts that would permit him to recover under any of these causes of action. So the trial court did not err in dismissing the second amended complaint under section 2-615 of the Code. *Ottawa Savings Bank v. JDI Loans, Inc.*, 374 Ill. App. 3d 394, 401 (2007).

¶ 15                                Dismissal With Prejudice

¶ 16        The decision to dismiss an action with or without prejudice rests within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Caulfield v. Packer Group., Inc.*, 2016 IL App (1st) 151558, ¶ 67. We consider whether the trial court considered the unique and particular circumstances of the case to determine whether the trial court did or did not abuse its discretion. *Razor Capital v. Antaal*, 2012 IL App (2d) 110904, ¶ 28.

¶ 17        Townsel's initial complaint made numerous allegations that were nearly impossible to comprehend. The court gave Townsel two more opportunities to amend his complaint and, although his second amended complaint is slightly more comprehensible, it too failed to present a plain and concise statement of a cause of action. After dismissing his first amended complaint, the trial court advised Townsel about how to file a proper pleading and recommended he seek the assistance of an attorney through the court's assistance programs. Townsel opted to continue to proceed on his own, which is his right. But, based on his earlier submissions, it was not unreasonable for the trial court to conclude that if Townsel was given another opportunity to amend, he would not be able to present a clear statement of his case. Thus, the trial court did not

abuse its discretion by dismissing plaintiff's second amended complaint with prejudice. *Razor Capital*, 2012 IL App (2d) 110904, ¶ 28.

¶ 18          Affirmed.