2022 IL App (2d) 200718-U
No. 2-20-0718
Order filed February 22, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Du Page County. |
| | ) | |
| Respondent-Appellee, | ) | |
| | ) | |
| v. | ) | No. 02-CF-654 |
| | ) | |
| RANDY LIEBICH, | ) | Honorable |
| | ) | John Kinsella, |
| Petitioner-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HUDSON delivered the judgment of the court.
Justice Schostok concurred in the judgment.
Justice McLaren concurred in part and dissented in part.

**ORDER**

¶ 1   *Held*:   As the trial court's decision was based on a case that was reversed by the supreme court, the trial court's judgment would be vacated and cause remanded to allow trial court to reconsider in light of newly announced law.

¶ 2   At issue in this appeal is whether petitioner, Randy Liebich, was entitled to a certificate of innocence. Because the trial court based is decision denying petitioner's request on case law that was subsequently reversed by our supreme court, we vacate its judgment and remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4      As an initial matter, two appeals related to this case have previously been before this court. The first was petitioner's direct appeal from his conviction (see *People v. Liebich*, No. 2-04-1238 (Dec. 12, 2007) (unpublished order under Illinois Supreme Court Rule 23 (eff. July 1, 1994)) (*Liebich I*)), and the second followed the denial of petitioner's postconviction petition (see *People v. Liebich*, 2016 IL App (2d) 130894-U, ¶ 4 (*Liebich II*)). The evidence presented at petitioner's trial and postconviction hearing is set forth in great detail in these two earlier appeals; thus, we will reference that evidence here only as is necessary to address the issues raised in this appeal.

¶ 5      Petitioner was convicted of first-degree murder (720 ILCS 5/9-1 (West 2002)) relating to the death of Steven Quinn, who was two years old at the time. Petitioner appealed, and we affirmed. See *Liebich*, No. 2-04-1238 (Dec. 12, 2007). Subsequently, petitioner filed a postconviction petition alleging, *inter alia*, that newly discovered evidence showed his innocence and that he received ineffective assistance of counsel during his trial. See *Liebich*, 2016 IL App (2d) 130894-U, ¶ 4. The majority of the petitioner's claims were dismissed during second-stage postconviction proceedings (except for one claim—that petitioner's attorneys failed to advise him he had a right to testify, which was denied at the third stage). *Id*. This court reversed the "trial court's dismissal of [petitioner's] allegations that he received ineffective assistance of counsel with respect to the medical issues, which includes evidence from both fact and expert witnesses" and otherwise affirmed. *Id*. ¶ 108. This claim was remanded for stage-three proceedings. *Id*. On remand, the trial court granted relief and vacated petitioner's conviction and sentence. The State declined to retry petitioner.

¶ 6      Petitioner then filed the petition for a certificate of innocence, which is at issue in this appeal. In it, he alleged that he was "falsely convicted of causing the death of his fiancée's young

son, Steven Quinn." The sole issue in this appeal is whether petitioner proved by a preponderance of the evidence that he did not commit the offense in question here.

¶ 7 The trial court concluded that petitioner failed to carry this burden. It first stated that it had reviewed all of the evidence, including the evidence presented in petitioner's trial. Regarding the testimony of the medical providers that treated Steven, it found, "[Q]uestions that have been raised certainly draw into serious question the medically [*sic*] correctness of some of those opinions and observations and certainly in terms of timing of injuries and the nature of the injuries." However, it also found that there was "a great deal of evidence that would corroborate that this child was the victim of physical abuse and traumatic injury." The only two people that could have perpetrated the abuse were petitioner or his fiancée, Kenyatta Brown. It added that based on the evidence, it could not make a finding as to who, of the two possible perpetrators, committed the abuse. It did find, however, that petitioner "was either present for or was a participant in those acts." Relying on *People v. Palmer*, 2019 IL App (4th) 190148 (*Palmer I*) (*rev'd People v. Palmer*, 2021 IL 125621(*Palmer II*)), the trial court stated that there was a "serious issue of accountability for what happened to the child." The trial court interpreted (correctly) *Palmer I* as holding that if there is a preponderance of the evidence that a crime had been committed and that a person was accountable for the crime, that person could not be said to be actually innocent of the crime simply because the evidence indicates that the person is not the principal. It then concluded that since petitioner had not disproven the possibility that he was accountable for the offense as an accomplice, he was not entitled to a certificate of innocence. This appeal followed.

¶ 8                                    II. ANALYSIS

¶ 9 Petitioner contends that the trial court erred in denying his request for a certificate of innocence. To succeed on such a petition, a petitioner must show by a preponderance of the

evidence that:

> "(1) the petitioner was convicted of one or more felonies by the State of Illinois and subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence;
>
> (2)(A) the judgment of conviction was reversed or vacated, and the indictment or information dismissed or, if a new trial was ordered, either the petitioner was found not guilty at the new trial or the petitioner was not retried and the indictment or information dismissed; or (B) the statute, or application thereof, on which the indictment or information was based violated the Constitution of the United States or the State of Illinois;
>
> (3) the petitioner is innocent of the offenses charged in the indictment or information or his or her acts or omissions charged in the indictment or information did not constitute a felony or misdemeanor against the State; and
>
> (4) the petitioner did not by his or her own conduct voluntarily cause or bring about his or her conviction."  735 ILCS 5/2-702(g) (West 2020).

The parties agree that only the third element is at issue here.  Whether to grant a certificate of innocence is a matter committed to the discretion of the trial court, so we will reverse only if no reasonable person could agree with the trial court.  *People v. Hood*, 2021 IL App (1st) 162964, ¶ 23.  The failure to correctly apply the law is an abuse of discretion.  *Cable America, Inc. v. Pace Electronics, Inc*. 396 Ill. App. 3d 15, 24 (2009).  Moreover, questions of law are reviewed using the *de novo* standard.  *Id*.  As always, findings of historical fact are reviewed using the manifest-weight standard.  *People v. Jones*, 215 Ill. 2d 261, 268 (2005).  In accordance with this standard, we will reverse only if an opposite conclusion to the trial court's is clearly apparent.  *In re M.M.*, 303 Ill. App. 3d 559, 565 (1999).

¶ 10    As a preliminary matter, we note that the case upon which the trial court based its decision, *Palmer I*, 2019 IL App (4th) 190148, has been reversed (at the time the trial court ruled on petitioner's request, *Palmer I* was still good law, and the trial court appropriately followed it).  In *Palmer I*, the Fourth District of this appellate court held that to be entitled to a certificate of innocence, a "petitioner must prove, by a preponderance of the evidence, that he or she was neither a principal nor an accomplice in the commission of the charged offenses."  *Id.* ¶ 150.  The supreme court disagreed, holding that a petitioner is required to "establish his or her innocence of the offense on the factual basis *charged* in the indictment or information."  (Emphasis in original.) *Palmer II*, 2021 IL 125621, ¶ 64.  The court explained that a petitioner could not be "expected to have access to the evidence necessary to disprove a theory of guilt that was never charged or presented during the original criminal proceedings."  *Id.* ¶ 67.  Thus, the trial court's conclusion that petitioner is not entitled to a certificate of innocence because he did not prove he was not an accomplice to the charged offense no longer is tenable in light of *Palmer II*.  Petitioner only needed to show by a preponderance of the evidence that he did not commit the offense charged in the indictments.

¶ 11    The State attempts to distinguish *Palmer II* by pointing to the fact that it involved potential accomplice liability for an unknown purported co-offender while in this case, all the relevant parties—petitioner and Kenyatta Brown—are known.  The supreme court's chief concern was that "the record [was] devoid of any meaningful evidence or argument to assist a reviewing court in deciding whether first degree murder as an accomplice has been disproven by petitioner in this case."  *Id.* ¶ 67.  According to the State, there is ample evidence of record concerning the events occurring in the days leading up to the day Steven was taken to the hospital.  We disagree.  The question of accomplice liability was never litigated.  As noted, the supreme court flatly held that a

petitioner could not be expected to disprove a theory of guilt that had never been "charged or presented" at trial. *Id.* It would be mere speculation to assume that no other relevant evidence would have been presented had the State charged petitioner on an accountability theory. We find the State's attempt to distinguish *Palmer II* unpersuasive.

¶ 12   As noted, the trial court found that petitioner failed to prove he was not an accomplice to the charged offenses. Hence, the trial court's resolution of this matter is based on a case that has been overturned (though it had not been at the time the trial court ruled). Generally, a decision based on an erroneous statement of the law is an abuse of discretion. *Cable America, Inc.*, 396 Ill. App. 3d at 24. Here, the trial court's decision rests on law that is no longer sound. Accordingly, it is an abuse of discretion—albeit through no fault of the trial court—and is therefore error. See *In re Marriage of Ackerley*, 333 Ill. App. 3d 382, 392 (2002) (holding that we review the result at which the trial court arrived rather than its reasoning).

¶ 13   At oral argument, the State asserted that the trial court reliance on *Palmer I* was harmless because the trial court also found that petitioner failed to carry his burden of proving his innocence irrespective of the accountability theory. We disagree. The chief evidence of petitioner's guilt was the testimony of the physicians' who treated the victim, which was given during petitioner's original trial. Initially, we note that there would have been no need for the trial court to advance its accountability theory had it found that petitioner failed to prove that he was innocent of the offenses charged in the indictment. Moreover, the trial court observations about the inculpatory testimony of the treating physicians indicates that it found this testimony to be of dubious value:

> "And the questions that have been raised certainly draw into serious question the medically [*sic*] correctness of some of those opinions and observations and certainly in terms of timing of injuries and the nature of the injuries."

Similarly, in discussing its accountability theory, the trial court stated that it did not "think it could make * * * a finding" as to who the principal was (*i.e.*, it could not find that petitioner was the principal). In short, we see nothing in the trial court's ruling to support the State's contention that the trial court found petitioner had failed to carry his burden of proof as it pertained to the crimes that were actually charged in the indictments. That is, we cannot say that the trial court's reliance on *Palmer I* was harmless.

¶ 14    Nevertheless, the trial court also did not *explicitly* find that petitioner carried his burden with respect to proving his innocence. Hence, we deem it prudent to allow the trial court to directly address this issue and set forth a new ruling consistent with current law. Accordingly, we vacate its judgment and remand to allow it to do so.

¶ 15    Vacated and remanded, with directions.

¶ 16    JUSTICE McLAREN, concurring in part and dissenting in part:

¶ 17    I concur with the majority that the trial court's judgment was unknowing prejudicial error. I dissent because I believe we should reverse and enter an order per Supreme Court Rule 366(a)(5) (eff. Feb. 1, 1994) certifying petitioner's innocence. See Rule 366(a)(5) ("the reviewing court may, in its discretion, and on such terms as it deems just *** enter any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief, including a remandment, a partial reversal, the order of a partial new trial, the entry of a remittitur, or the enforcement of a judgment, that the case may require").

¶ 18    The majority holds that a remand is appropriate because the law changed subsequent to the entry of judgment, explaining its reason for remand as follows: "Nevertheless, the trial court also did not *explicitly* find that petitioner carried his burden with respect to proving his innocence. Hence, we deem it prudent to allow the trial court to directly address this issue and set forth a new

ruling consistent with current law. Accordingly, we vacate its judgment and remand to allow it to do so." *Supra* ¶ 14. By issuing a remand, however, the majority sidesteps important aspects of the case, namely, whether a reasonable and logical interpretation of the court's findings indicate that a remand is unnecessary. If petitioner failed to prove a *prima facie* case, namely, that he did not cause the injury that resulted in death, the court would have had no need to address accountability, as explained in the next paragraph.

¶ 19 Curiously, the majority acknowledges the trial court's implicit finding that petitioner proved he did not cause the injury resulting in death in that he showed the charges against him were unsustainable. *Supra* ¶ 13. I submit that the trial court said enough to conclude that it would have granted the petition if it applied the tenets of *Palmer II*. In order to understand how clear, despite not being explicit, the trial court's ruling was, one need only comprehend the nonsense of requiring an explicit statement. In the law there is a distinction between being the perpetrator and directly responsible and those individuals who are accountable because they aided and abetted the perpetrator. Like similar legal relationships of master and servant, or principal and agent, the perpetrator and aider and abettor relationship involves more than one person, each in a singular capacity. Put another way, the perpetrator *cannot* be guilty of aiding and abetting himself or herself. The trial court could neither legally nor logically find that petitioner was both the perpetrator and the aider and abettor. It follows that the two concepts of guilt are mutually exclusive and one cannot be guilty through accountability while simultaneously being guilty as the perpetrator. The trial court, by finding petitioner accountable effectively determined he was not the perpetrator of the crimes charged.

¶ 20 There is nothing to be gained by having the trial court not only explain that the defendant was innocent because he proved he was not the cause of the injury and also either recant its

determination that petitioner is accountable or rationalize its ruling that mutually exclusive legal conclusions can exist simultaneously. I submit such clarity and specificity is immaterial under *Palmer II.*

¶ 21   The record reflects that petitioner has met his burden of proof under the manifest weight of the evidence standard, and, as a matter of law, no reasonable person would deny him relief under the holding of *Palmer II.* I submit that, though unacknowledged, the trial court did in fact find that petitioner sustained his burden as to the crime charged but then went beyond the holding in *Palmer II* and considered another crime, accountability, that petitioner was not charged with and did not have to address, let alone disprove. The fact that the court went beyond the purview of *Palmer II* does not affect the logic that it determined that petitioner was not the perpetrator.

¶ 22   To require a remand for the court to *explicitly* state the only rational conclusion to be drawn has some intuitive appeal. Nevertheless, it is a *fait accompli* and a total waste of time and effort. Accordingly, I dissent from the majority's decision to remand the case and would, instead, enter an order pursuant to Rule 366(a)(5) granting petitioner relief and putting the matter to rest.