# In the
# United States Court of Appeals
## For the Seventh Circuit

---

No. 25-1730

USAA SAVINGS BANK,

*Plaintiff-Appellant,*

*v.*

MICHAEL GOFF,

*Defendant-Appellee.*

---

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
1:23-cv-15955 — **Edmond E. Chang**, *Judge.*

---

ARGUED NOVEMBER 5, 2025 — DECIDED MARCH 19, 2026

---

Before RIPPLE, KIRSCH, and LEE, *Circuit Judges.*

KIRSCH, *Circuit Judge.* After USAA Savings Bank closed Michael Goff's credit card account, Goff commenced arbitration pursuant to the parties' contract. The arbitrator awarded Goff $10,000 in punitive damages. USAA sought vacatur of the award, contending that the arbitrator failed to conduct a post-award review of punitive damages, as required by the arbitration agreement. The district court confirmed the

damages award, reasoning that the arbitrator had not exceeded her authority. USAA appeals and Goff moves for sanctions. Because the arbitrator disregarded the express terms in the agreement governing punitive damages, we cannot say that she was interpreting the arbitration agreement when she failed to conduct the post-award review. We reverse the district court and deny Goff's motion for sanctions.

I

After closing Michael Goff's credit card account, USAA Savings Bank provided Goff with conflicting reasons for doing so. Goff commenced arbitration against USAA pursuant to an arbitration clause in the parties' credit card agreement, seeking actual and punitive damages.

The arbitration agreement permits an arbitrator to award punitive damages. However, the agreement also provides:

> Before the decision [to award punitive damages] becomes final, the arbitrator must also conduct a post-award review of any punitive damages, allowing the parties the same procedural rights and using the same standards and guidelines that would apply in a judicial proceeding in the state where the arbitration is located. Any ruling based on this post-award review must be set forth in writing with a reasoned explanation.

The arbitration agreement also maintains that the arbitrator should apply American Arbitration Association (AAA) rules in effect at the time of the arbitration, unless they conflict with the terms of the arbitration agreement.

After conducting an evidentiary hearing, the arbitrator

determined that USAA failed to provide Goff with adequate notice after an adverse action—closing Goff's credit card account—as required by the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691. The arbitrator concluded that Goff suffered no actual damages because of the account closure but still awarded him $10,000 in punitive damages. The arbitrator then submitted a final award, confirming the punitive damages and granting Goff's counsel $77,428 in legal fees.

USAA filed a Request for Required Post-Award Review. USAA cited the provisions in the arbitration agreement that said that an arbitrator should conduct a post-award review of punitive damages before a decision becomes final. Since the arbitrator did not conduct the post-award review, USAA argued that the punitive damages award was not a final decision. However, the arbitrator reaffirmed the punitive damages award, finding that the arbitration was conducted in accordance with the Consumer Arbitration Rules of the AAA, and that these rules did not permit her to "re-determine the merits of any claim already decided."

USAA filed a lawsuit in a federal district court and moved to vacate the arbitration award on the basis that the arbitrator exceeded her authority by failing to conduct a post-award review. The district court denied USAA's motion and confirmed the arbitrator's award. The district court noted that the arbitrator erred by failing to engage in the required post-award review. However, the district court concluded that this error did not warrant vacatur since the arbitrator's award still "drew from the essence of the arbitration agreement." USAA now appeals, and Goff moves for sanctions under Federal Rule of Appellate Procedure 38.

II

When considering a district court's decision to confirm an arbitral award, we review questions of law de novo and findings of fact for clear error. *Cont'l Cas. Co. v. Certain Underwriters at Lloyds of London*, 10 F.4th 814, 819 (7th Cir. 2021). But our review of arbitration awards is "extremely limited." *Zimmer Biomet Holdings, Inc. v. Insall*, 108 F.4th 512, 515 (7th Cir. 2024) (citation omitted). So long as the arbitrator's award "draws its essence from the collective bargaining agreement, and is not merely his own brand of industrial justice," we will enforce the award. *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987) (citation modified). Indeed, the relevant question is "not whether … the arbitrators erred in interpreting the contract; it is not whether they clearly erred in interpreting the contract; it is not whether they grossly erred in interpreting the contract; it is whether they interpreted the contract." *U.S. Soccer Fed'n, Inc. v. U.S. Nat'l Soccer Team Players Ass'n*, 838 F.3d 826, 832 (7th Cir. 2016) (citation modified).

The Federal Arbitration Act (FAA) provides that an arbitration award may be vacated when an arbitrator has "exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). USAA argues that we should vacate the arbitrator's award under § 10(a)(4) because the arbitrator exceeded her authority by issuing a final punitive damages award without first conducting a post-award review, as required by the arbitration agreement. We agree.

The arbitrator here concluded that punitive damages were warranted because USAA violated the ECOA by failing to provide adequate notice to Goff after it closed his credit card

account. But the arbitrator issued the punitive damages award without first conducting a post-award review. When USAA requested the arbitrator conduct the post-award review, the arbitrator responded that she did not have authority to re-determine the merits of the punitive damages award under the AAA. That was an error. While the arbitration agreement required the arbitrator to apply the AAA rules by default, the arbitrator was required to apply the terms of the arbitration agreement when the rules conflicted. And here, the arbitration agreement specifically provided that the arbitrator should conduct a post-award review of punitive damages and provide a reasoned explanation. Since the arbitrator failed to comply with the arbitration agreement, there is no final arbitration award, and the arbitrator erred in finding otherwise.

But our review doesn't end there; the relevant question is "whether the arbitrator (even arguably) interpreted the parties' contract, not whether [she] got its meaning right or wrong." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013); *Kinsella v. Baker Hughes Oilfield Operations, LLC*, 66 F.4th 1099, 1104 (7th Cir. 2023) ("Only if there is no possible interpretive route to the award may a noncontractual basis … be inferred and the award set aside.") (citation modified). In other words, we ask "not whether the arbitrator misinterpreted the agreement, but only whether the arbitrator's inquiry disregarded the very language of the agreement itself." *Anheuser-Busch, Inc. v. Loc. Union No. 744*, 280 F.3d 1133, 1137 (7th Cir. 2002).

The arbitrator in this case ignored the plain language of the arbitration agreement—the clauses concerning the post-award review and accompanying reasoned explanation—when she denied USAA's request for the post-award review.

There is nothing ambiguous about the relevant language. The arbitration clause specifically requires the arbitrator to conduct a post-award review before a decision on damages becomes final. And as we have noted, arbitrators exceed their authority when they ignore contractual language that is "clear and unambiguous and need[s] no interpretation." See *id.* at 1142 (vacating arbitration award where arbitrator "ignored the clear and specific language of the commission-rates clause, the arbitration clause, and the zipper clause"); *Tootsie Roll Indus., Inc. v. Loc. Union No. 1*, 832 F.2d 81, 84–85 (7th Cir. 1987) (vacating arbitration award where arbitrator "failed to follow the clear requirements of the agreement"); *U.S. Soccer Fed'n, Inc.*, 838 F.3d at 836–37 (vacating arbitration award where arbitrator ignored express contractual language).

Goff suggests that the arbitrator was arguably interpreting the arbitration agreement by attempting to harmonize the AAA rules with the agreement, and at most made a minor procedural error that doesn't require vacatur. But it can't be said that the arbitrator was interpreting the arbitration agreement since she ignored the express contractual limitations for awarding punitive damages. *U.S. Soccer Fed'n, Inc.*, 838 F.3d at 836–37. Goff's reliance on *Major League Baseball Players Association v. Garvey*, 532 U.S. 504 (2001) is also misplaced; as that case points out, an arbitrator's decision may be unenforceable when she "strays from interpretation … and effectively dispenses [her] own brand of industrial justice" which is exactly what happened here. *Id.* at 510 (citation modified). While Goff suggests there is no mechanism to conduct the post-award review under Illinois law, Illinois courts do have procedures to review interim punitive damages rulings. See, e.g., 735 Ill. Comp. Stat. 5/2-1203; *Cable Am., Inc. v. Pace Electronics, Inc.*, 919 N.E.2d 383, 391–92 (Ill. App. Ct. 2009). However, we don't

need to decide which procedures should be used for the post-award review since the arbitrator has discretion as to which procedures apply on remand. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) ("Procedural questions which grow out of the dispute and bear on its final disposition are presumptively *not* for the judge, but for an arbitrator, to decide.") (citation modified).

USAA didn't agree to any kind of alternative method for resolving damages disputes; it bargained for a post-award review and a ruling in writing with a reasoned explanation prior to any punitive damages becoming final. Parties are free to "agree on rules under which any arbitration will proceed," and "courts and arbitrators must give effect to the contractual rights and expectation of the parties." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 682–83 (2010) (citation modified). Since the arbitrator did not give effect to the contract, and since there is "no possible interpretive route" to the arbitrator's decision, the arbitrator exceeded her authority. *U.S. Soccer Fed'n, Inc.*, 838 F.3d at 832 (citation modified).

That leaves Goff's motion for sanctions under Federal Rule of Appellate Procedure 38. As discussed, USAA's argument has merit and therefore the motion is denied.

"Even when the arbitrator's award may properly be vacated, the appropriate remedy is to remand the case for further arbitration proceedings." *Major League Baseball Players Ass'n*, 532 U.S. at 511. For the reasons stated, the district court's judgment is reversed, and the case is remanded to the district court with instructions to further remand to the original arbitrator for proceedings in accordance with this opinion. See *Burkart Randall v. Lodge No. 1076*, 648 F.2d 462, 469 (7th Cir. 1981); *Green v. Ameritech Corp.*, 200 F.3d 967, 977–78 (6th

Cir. 2000) (parties' agreement imposing a duty of explanation on the arbitrator could be remanded back to the original arbitrator if the district court properly determined the "arbitrator's task [was] incompletely executed").

REVERSED

LEE, *Circuit Judge*, dissenting. While reasonable minds could disagree, in my view, the arbitrator's grant of punitive damages drew its essence from the arbitration agreement.

As noted by the majority opinion, the agreement provided: "Before the decision becomes final, the arbitrator must also conduct a post-award review of any punitive damages, allowing the parties the same procedural rights and using the same standards and guidelines that would apply in a judicial proceeding in the state where the arbitration is located."

Here, the arbitrator arguably interpreted the post-award review requirement to mean that punitive damages may be awarded against a party that has been provided fair notice and an opportunity to be heard. And, as we have held, even if that interpretation were erroneous, it would not justify vacatur. *See Bhd. of Locomotive Eng'rs v. Union Pac. R.R. Co.*, 719 F.3d 801, 803 (7th Cir. 2013).

USAA insists that the arbitrator deprived it of *any* review of the interim punitive damages award. But, looking at the final award, I take the arbitrator at her word when she explains that she heard the proofs and allegations of the parties and saw it fit to confirm, adopt, and incorporate the interim award of punitive damages. To my mind, the arbitrator's ruling on post-interim award review was set forth in writing with a reasoned explanation, as required by the agreement's terms.

In addition, USAA contends that any absence of review stripped it of its ability to dispute punitive damages. In my assessment of the record, however, USAA had numerous opportunities to do so.

From day one, Goff's demand for arbitration put USAA on notice that Goff sought punitive damages under the Equal

Credit Opportunity Act, 15 U.S.C. § 1691e(b). And USAA had chances to oppose an award of punitive damages at the evidentiary hearing and during post-hearing briefing.

What's more, after the arbitrator issued its interim award of punitive damages, USAA had the opportunity to reopen the hearing to review the interim award before the final award was issued. The parties agreed to be bound by the American Arbitration Association's (AAA) procedural rules, and, as the majority notes, the arbitration agreement provides that AAA rules govern, unless they conflict with the agreement's terms. Those rules allowed the arbitrator to reopen a hearing at a party's request before a final award is made.

Accordingly, on this record, I would resolve any reasonable doubt in favor of confirming the award, see *Northern Indiana Public Service Co. v. United Steelworkers of America*, 243 F.3d 345, 347 (7th Cir. 2001), and respectfully dissent.